**CITY OF SNYDER, Appellant,**

v.

**D. M. COGDELL, Sr., Appellee.**

No. 3598.

Court of Civil Appeals of Texas.

Eastland.

Nov. 11, 1960.

W. W. Park, Snyder, for appellant.

Gene L. Dulaney, Snyder, R. M. Wagstaff, Abilene, for appellee.

COLLINGS, Justice.

The City of Snyder on June 28, 1960, brought an action in the District Court for an injunction against D. M. Cogdell, Sr.

It was alleged that Cogdell, in violation of the zoning ordinance of the City, on or about May 24, 1960, began the construction of a business building within the City without first obtaining a permit. The City prayed that the court issue a temporary injunction commanding Cogdell to cease erecting and constructing the building and that upon a final hearing the injunction be made permanent. After notice and hearing, the court entered judgment denying the petition for a temporary injunction. The City of Snyder has appealed.

Appellant presents one point of error in which it is urged that the court erred in denying the temporary injunction because the undisputed evidence showed that Cogdell was erecting and constructing a building within the City of Snyder without having first obtained a building permit as required by the zoning ordinance. The only violation complained of by appellant is the failure of Cogdell to obtain a permit. The evidence shows that the plans of the building fully comply with the requirements of the Building Code and the Zoning Ordinance.

The material portion of the City ordinance was introduced in evidence, and provides that:

"No person shall erect or construct or proceed with the erection or construction of any building or structure, nor add to, enlarge, move, improve, alter, repair, convert, extend or demolish any building or structure or cause the same to be done in any zone district of the City of Snyder without first applying for and obtaining a building permit therefor from the Building Inspector. All applications for such permits shall be in accordance with the requirements of this ordinance and building code of the City of Snyder and unless upon written order of the Board of Adjustment, no such building permit or certificate of occupancy shall be issued for any building where said construction, addition, alteration or use thereof would be in violation of any of the provisions of this ordinance." (Emphasis ours.)

Appellant contends that it was entitled to an injunction as a matter of law under Article 1011h of Vernon's Revised Civil Statutes of Texas, which provides in part as follows:

"In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained, or any building, structure, or land is used in violation of this Act or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance, or use, to restrain, correct, or abate such violation, to prevent the occupancy of said building, structure, or land, or to prevent any illegal act, conduct, business, or use in or about such premises." (Emphasis ours.)

█ The granting or refusing of a temporary injunction is ordinarily within the discretion of the trial court, which, although not unlimited, will not be disturbed on appeal unless the record clearly shows an abuse of discretion. Texas Foundries, Inc. v. International Moulders and Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Southland Life Insurance Company v. Egan, 126 Tex. 160, 86 S.W.2d 722; City of Waco v. Marstaller, Tex.Civ.App., 271 S.W.2d 722.

█ Although injunction is a proper remedy to protect public welfare it is generally held that the courts will not exercise their equitable power to restrain the commission of a threatened act merely to prevent the violation of a municipal ordi-

nance, particularly where the ordinance provides penalties for its violation and where such penalties or other available remedies are adequate. 28 Am.Jur. 343; Lammon v. City of San Antonio, Tex.Civ. App., 223 S.W.2d 533, Ref. N.R.E. However, where a statute specifically authorizes the remedy of injunction the showing of an adequate remedy at law is not necessarily required. 43 C.J.S. Injunctions § 123, pp. 662, 663. As stated in 43 Tex.Jur. 665:

" * * * Injunction is available to enforce municipal ordinance only where a statute creates a remedy by injunction."

But it is also true that "under the law applicable to and the circumstances of a particular case, injunctive relief against the violation of a zoning ordinance may be denied." 58 Am.Jur. 1043. In the instant case a statutory provision contemplates that a city may prevent the unlawful erection of a building but the right is limited to "appropriate actions". The statute provides, in effect, that the proper authorities of a municipality "may institute any appropriate action * * * to prevent [the] unlawful erection" of a building. In our opinion the language of this statute does not destroy the discretion of the trial court and does not require the issuance of an injunction as a matter of law in every type and circumstance of violation. The facts of the particular case should be considered in determining what is the "appropriate action".

The evidence shows that the building being constructed by Cogdell is not a nuisance or a fire hazard. It is of masonry construction and of a type commonly known as a fireproof building. The wiring and plumbing comply with city regulations. The evidence shows that the plans of the building, the building itself and its location comply with the building code and zoning regulations. The building had been under construction for more than a month at the time suit was brought and for more

than six weeks at the time of the hearing. It is thus apparent that a substantial part of the work had already been done. The court found that the completion of the building would not damage the city or the people in the area, but on the contrary would benefit them. The only violation complained of by appellant, or shown by the evidence, was the failure of Cogdell to secure a permit. Appellee's failure to secure a permit was inexcusable, but that fact, considered in connection with all other facts and circumstances in evidence, did not, as a matter of law, entitle appellant to the injunctive relief sought. The court was justified in concluding that the relief was not appropriate. It is our opinion that under these circumstances the court did not abuse its discretion in refusing to enjoin Cogdell from completing the building.

The judgment of the trial court is affirmed.