**CITY OF FORT WORTH, Appellant,**

**v.**

**L. C. JOHNSON et al., Appellees.**

**No. 36.**

Court of Civil Appeals of Texas.

Tyler.

March 12, 1964.

Rehearing Denied April 16, 1964.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellant.

William D. Campbell, Campbell & Campbell, Fort Worth, for appellees.

SELLERS, Justice.

This is a suit by the City of Fort Worth against L. C. Johnson and others; but in all material respects, the suit is against Mrs. Laverne Hurt, seeking to permanently enjoin the defendant, Mrs. Laverne Hurt, from using a six-unit apartment house located on Lot 3, Block 5, Hawkins Scenic Hill Addition to the City of Fort Worth, Tarrant County, Texas (also known as 858 Scenic Hill Drive), in such a manner that not more than two families reside on the premises at the same time.

The trial was to the court without a jury. At the conclusion of the plaintiff's evidence, the trial court announced that in its opinion the evidence was insufficient to grant the relief sought.

Plaintiff's pleadings material were as follows:

"That the premises located at 858 Scenic Hill Drive, in the CITY OF

FORT WORTH, Texas, the same being Lot 3, Block 5, Hawkins Scenic Hill Addition to the City of Fort Worth, Tarrant County, Texas, are now, and have been at all times pertinent to this cause of action, within a 'B' two family zone as defined in Ordinance No. 3011 of the City of Fort Worth, and such ordinance was in effect before the construction of the six-unit apartment house presently located thereon.

"That at the time of the filing of this petition and prior thereto, and all times referred to herein, the Defendants have owned, possessed and controlled the premises and improvements at 858 Scenic Hill Drive, Fort Worth, Texas, the same being Lot 3, Block 5, Hawkins Scenic Hill Addition to the CITY OF FORT WORTH, Tarrant County, Texas, and used, or caused to be used, the said premises and improvements for the purpose of the renting or leasing same in such a manner that more than two families were residing on said premises at the same period of time; and at the time of filing of this action more than two families are residing on said premises; and such use by the Defendants of the said premises is expressly prohibited by Ordinance No. 3011 of the CITY OF FORT WORTH.

"That though often requested and notified to cease and desist from the use and operation of the premises and improvements for the purpose of renting or leasing same in such a manner that more than two families reside on said premises at the same period of time, the Defendants have steadfastly failed and refused to cease and desist therefrom and have continued to use and operate the premises and improvements for the purpose of renting or leasing same in such a manner that more than two families reside on said premises at the same period of time, in plain violation of Ordinance 3011 of the CITY OF FORT WORTH.

"That the acts of the Defendants as hereinbefore alleged are and will be continuing in their nature; that neither this plaintiff nor its residents have an adequate remedy at law; that this plaintiff and its residents will suffer irreparable injury and damage to their health, safety and welfare unless this court enters its order restraining Defendants and enjoining Defendants from using said premises for the purpose of renting or leasing same in such a manner that more than two families reside on the premises at the same period of time; that the existing conditions should be in all things permanently corrected and the Defendants enjoined to correct said conditions to conform to the provisions of Ordinance No. 3011 of the City of Fort Worth; the building or structure, unless enjoined, will in the future continue to exist and be used in violation of law; that the Plaintiff and the public now and in the future, will suffer irreparable injury unless the injunction requested by the Plaintiff is granted by this court."

The petition closes with a prayer for a permanent injunction enjoining defendants from using the property in such a manner that not more than two families reside on said property at the same period of time.

Defendant, Mrs. Laverne Hurt, in her answer plead a general denial, laches, and irreparable injury if plaintiff recovers.

The evidence offered by the City is very well stated by the Appellee on page 3 of its brief:

"Witness John M. May, Zoning Administrator for Appellant, has never talked to Appellee. (SF–19). Witness May states that on basis of physical and structural appearance, building in question would add to improvement of neighborhood. (SF–24).

"Witness Joe Tyson, tenant of Appellee, testified that rent he paid Appellee for one apartment was reasonable but about as high as he would expect to pay for such accommodations (SF–29) and that if the total building was divided into two units, a rental of $265.00 per month would not be feasable. (SF–28). It was stipulated that all other five tenants of Appellee, who were in Court, if testifying would testify substantially as did Witness Tyson. (SF–31).

"Witness T. Avery testified he was out at the building several times (SF–33), but talked to Appellee only one time. (SF–54). He stated that only one person, a Miss Davis, contacted him personally to make a complaint about the use of the property in question. (SF–42). One other man called him but he didn't know his name. (SF–44).

"Concerning the building in question, Avery testified that it is one of, if not the most attractive structure in the entire community. (SF–51). In connection with possible building space congestion, Avery testified that the building in question is further away from surrounding buildings than the buildings (on either side of it, in back of it or across the street from it) are from other buildings in the area. That the building is built in a hollowed out place in a hillside. (SF–58–60).

"In connection with traffic and parking, Avery testified that the building in question has place for six cars to park off the street as compared to 4 for building across the street. After pinpointed cross-exam, the result of Avery's testimony on traffic congestion was merely 'It's possible.' (SF–63)."

There is no dispute in the evidence that this house and lot is in a properly zoned section of the city for two-party residences —in other words, known as a duplex; nor is there any controversy that this residence was being used at the time that the suit was brought for an apartment house of six units, all complete with kitchen, living room, bedroom, and bath, and each tenant paying the rental on his apartment to Mrs. Laverne Hurt as landlord.

The original zoning ordinance was adopted by the City on November 26, 1952, and became effective March 1, 1953. The City granted a permit for the construction of a two-family dwelling on this property on September 26, 1958. The building was completed as a five-unit apartment instead of a duplex on January 2, 1959. The City gave notice to the then owner to discontinue the three extra units, this being done on January 5, 1959. Thereafter, it seems that the Legal Department placed an okay on the construction as of February, 1960. Mrs. Hurt purchased this property for a valuable consideration July 14, 1961. Thereafter, the Building Inspector of the City, Mr. E. T. Avery, notified Appellee Hurt of the Zoning problems of this property and in October, 1961, the City filed this suit.

The trial court, in rendering its judgment against the City for insufficiency of evidence, in our opinion, had in mind the failure of the City to prove its allegation that the operation of the property for more than two apartments would damage it and its residents in their health, safety, and welfare. The record in our opinion wholly fails to sustain this allegation. The property is an addition to the immediate community in appearance. It has more space between it and the other buildings than other buildings in the vicinity have between them.

■ The evidence fails to show the apartments are not operated in an orderly manner, nor is there any direct evidence of traffic jams. It would seem to this court that the trial court's judgment is fully supported by the evidence. This holding does not mean that the City ordinance is invalid. Our courts have held that a City ordinance may be invalid insofar as a single piece of

property is concerned but valid in all other respects.

"A zoning ordinance may be valid in its general aspects, and yet as to a particular state of facts involving a particular owner affected thereby may be as to such owner so clearly arbitrary and unreasonable as to be unenforceable. Village of University Heights et al. v. Cleveland Jewish Orphans' Home (6 Cir.), 20 F.2d 743 (54 A.L.R. 1008); Jones et al. v. City of Los Angeles et al., 211 Cal. 304, 295 P. 14." City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388.

■ Mrs. Hurt acquired this property two and one-half years after its completion, for a valuable consideration without notice that it was finished in violation of the permit granted for its construction; and for this reason, she should not be enjoined from its use as a six-unit apartment house solely for the reason that it violates the zoning ordinance in question. This principle of law is supported by the case of Town of Highland Park v. Marshall, Tex.Civ.App., 235 S.W.2d 658, from which we quote:

"It is contended that the nonconforming use, at most would be limited to the garage building as it existed prior to 1929; not legally extending to the structural alterations thereof made in 1930 without a permit; with result that any occupancy of the subsequently added second story was wholly unauthorized. While appellees acquired this property in 1948 subject to the Town zoning laws applicable thereto, the record reflects no knowledge by them that the accessory building enlargement, when made, was in violation of ordinance. Nor do we think they were lawfully chargeable with notice under the circumstances here of what the building inspector's record reflected or failed to reflect with reference to a permit. On the other hand, would not the completed structure stand as mute evidence of acquiescence on part of High-land Park officials concerning alterations made 18 years before? The presumption would obtain after such lapse of time that aforesaid extension was consistent with ordinance, not that there was a violation; in other words, an alteration within purview of sec. 7, paragraph 3, providing that the extension of a use to any portion of a building which portion was arranged or designed for such nonconforming use at the time of passage of the ordinance, should not be deemed the extension of a nonconforming use.

"In absence of testimony to the contrary, it is always to be inferred that parties have acted within the scope of their legitimate authority, and it will never be presumed that they have violated the law when the reverse is equally consistent with the facts disclosed. Williams v. Talbot, 27 Tex. 159; 17 Tex.Jur., sec. 59, pp. 267, 268. Appellees' counterpoint No. 2 therefore correctly states that appellant City having acquiesced in the enlargement of the garage building '* * * for more than nineteen years cannot now be heard to complain that defendants, innocent purchasers for value, have no right to maintain said single family dwelling structure in its present condition.' "

The City filed a lengthy motion to have the Court re-open the case and allow it to introduce more evidence. No reason is offered why the evidence was not offered in the main trial. The motion came five days after the case was tried and after the Court had rendered his decision. There is added to the motion two long affidavits as well as many exhibits. The motion was overruled by the trial court, and the City complained that the trial court abused its discretion in so ruling.

■ We are of the opinion that the trial court did not abuse its discretion in so ruling; and to hold otherwise would, in our opinion, be requiring the trial court to try

its cases in piece-meal. We believe the trial courts do not have time to so conduct their business. We have examined the cases cited by appellant on this point; and in our opinion, they do not support the appellant's points under the facts in this case.

The judgment of the trial court is affirmed.