**CITY OF FORT WORTH, Petitioner,**

**v.**

**L. C. JOHNSON et al., Respondents.**

**No. A–10154.**

Supreme Court of Texas.

Nov. 18, 1964.

S. G. Johndroe, City Atty., Fort Worth, for petitioner.

Campbell & Campbell, Fort Worth, for respondents.

CALVERT, Chief Justice.

The City of Fort Worth brought suit to enjoin L. C. Johnson, La Verne Hurt, and others from using a building owned by Mrs. Hurt as a six-unit apartment house in violation of a City zoning ordinance. Trial was on the prayer for a permanent injunction, and the trial court rendered judgment denying the relief sought by the City. The Court of Civil Appeals has affirmed. 377 S.W.2d 699. We reverse the judgments of the courts below and remand the cause to the trial court for entry of judgment for the City of Fort Worth.

Pursuant to Arts. 1011a–1011k,[1] the Fort Worth City Council, on November 26, 1952, enacted Comprehensive Zoning Ordinance No. 3011, effective March 1, 1953. Section 4 of the ordinance limits use of property in "B" Two-Family Districts to one-family and two-family dwellings.

On September 27, 1958, the City granted a permit for the construction of a two-family dwelling on Lot 3, Block 5, Hawkins Scenic Hill Addition to the City of Fort Worth. The owner of the property at that time was D. E. Hansen. Contrary to the permit, the building was completed on January 2, 1959, as a six-unit apartment house. Following completion of the building, the City issued a 10-day notice to the owner of the property to discontinue the use of all but two of the units. Some time following completion of the building, L. C. Johnson acquired the property. Mrs. Hurt purchased the property from him for a valu-

1. All Article references are to Vernon's Texas Civil Statutes.

able consideration on July 14, 1961. Within approximately a week from the date the property was conveyed to Mrs. Hurt, the City Building Inspector notified her that she and her tenants were making use of the property in violation of the zoning ordinance. The violation continued; and in October of 1961, the City instituted this suit to enjoin Johnson, Mrs. Hurt and Mrs. Hurt's tenants from using the building in violation of the City ordinance.

In answer to the City's original petition, defendants pleaded a general denial and that due to laches on the part of the City they would be irreparably damaged should the ordinance be enforced. Trial was before the court. The City proved up and introduced its Comprehensive Zoning Ordinance in evidence, and proved that the property was in a "B" Two-Family District. It then tendered proof that the structure contained six separate family units, whereupon defendants stipulated that fact and that each unit was occupied by a separate family group. The City then rested its case. The defendants called no witnesses. They did establish by cross-examination of the City's witnesses that from the standpoint of physical appearance the structure would add to improvement of the neighborhood and that off-street parking space was provided for the tenants. The trial court recited in its judgment denying the injunction that the evidence was "insufficient to entitle plaintiff to the relief requested."

The Court of Civil Appeals seems to have based its judgment of affirmance on two grounds: (1) because the City failed to prove that use of the structure in violation of the ordinance "would damage it and its residents in their health, safety, and welfare," and (2) because Mrs. Hurt acquired the property "two and one-half years after its completion, for a valuable consideration without notice that it was finished in violation of the permit granted for its construction." We hold that neither of the grounds affords a sound basis for the judgment.

The first ground is unsound because it fails to take cognizance of the rule, firmly established in this State, that a zoning ordinance, duly adopted pursuant to Arts. 1011a–1011k, is presumed to be valid, and the burden is on one seeking to prevent its enforcement, whether generally or as to particular property, to prove that the ordinance is arbitrary or unreasonable in that it bears no substantial relationship to the health, safety, morals or general welfare of the community. City of Bellaire v. Lamkin, 159 Tex. 141, 317 S.W.2d 43; City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477; Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706, writ refused. Adoption of a zoning ordinance by the governing body of a city represents the exercise of a delegated legislative discretion, and enforcement or nonenforcement of the ordinance is not a matter for judicial discretion. City of Snyder v. Cogdell, Tex.Civ.App., 342 S.W. 2d 201, no writ history, cited by Respondents, does not hold to the contrary. In that case the City was not seeking to enforce a zoning ordinance. Moreover, denial was of a temporary and not of a permanent injunction. If the evidence is conclusive that a zoning ordinance is arbitrary and unreasonable, generally or as to particular property, it is the duty of the courts to refuse to enforce it; but in the absence of such proof, it is the duty of the courts to enforce it.

The City of Fort Worth made its case for a permanent injunction when it proved that its Comprehensive Zoning Ordinance No. 3011 was duly adopted; that Lot 3, Block 5, Hawkins Scenic Hill Addition to the City is in an area zoned as a "B" Two-Family District; that the structure in question contained six separate family living units, and that each unit was being used to house a separate family group. Testimony that the physical appearance of the structure was attractive and that off-street parking was provided for the tenants did not establish conclusively that

the ordinance was arbitrary and unreasonable if applied to the property.

We consider next the second ground, noted above, for the Court of Civil Appeals' judgment of affirmance. Aside from the fact that there is absolutely no evidence in the record that Mrs. Hurt did not know that the structure was completed in violation of the building permit, absence of such knowledge does not constitute a defense to the suit. Were it otherwise, integrity of all zoning could be destroyed by erecting buildings in violation of permits and selling them to persons ignorant of permit terms.

But there is a suggestion in the second ground that the judgment of the trial court was affirmed because the City's right to enforce the ordinance as to the particular property was barred by laches. We cannot approve that reason for affirmance. In considering the question in the light of the record before us, we need not decide, and therefore put aside, such questions as (1) whether unreasonable delay by the City as a basis for the defense of laches should be measured by a statute of limitation, and (2) whether laches can under any circumstances be a defense to a suit to enforce a zoning ordinance.

We need not decide the first question because an action by a city to enforce a zoning ordinance is not barred by a statute of limitation, see Art. 5517 and Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99, 109;[2] and if unreasonable delay should, nevertheless, be measured thereby, it would be measured by the four-year statute, Art. 5529.[3]

We need not decide the second question because Respondents did not discharge their burden of proving laches. Laches is an affirmative defense. Rule 94, Texas Rules of Civil Procedure. Being an affirmative defense, the burden was on Respondents, as defendants, to prove its essential elements. Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400, 403, writ refused; Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500. The defense of laches is akin to that of estoppel. Humble Oil & Refining Co. v. Trapp, Tex.Civ.App., 194 S.W.2d 781, 786, writ refused. Two of the essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them, and (2) a good faith change of position by another to his detriment because of the delay. Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167, 170–171; 19 Am.Jur. 343, Equity, § 498. The Respondents thus had the burden of proving not only unreasonable delay and lack of diligence by the City of Fort Worth in asserting its right to have the use of the structure brought into compliance with its ordinance, but also that their position had, in good faith, been changed because of the delay. They offered no evidence to prove either.

The only proof in the record relevant to the defense of laches is that the building permit was granted September 27, 1958; that the structure was completed January 2, 1959, in violation of the permit; that notice was given promptly by the City to the owner to discontinue the violation; that Mrs. Hurt's immediate predecessor in title was the defendant L. C. Johnson; that Johnson conveyed the property to Mrs. Hurt July 14, 1961; that Mrs. Hurt was notified about one week thereafter that her use of the property was in violation of the ordinance, and that this suit was filed on October 17, 1961.

2. The Supreme Court of Oregon has held that when a city's suit is not subject to the bar of a statute of limitations, the statutory period will not be used to measure unreasonable delay as a basis for the defense of laches. City of Pendleton v. Holman, 177 Or. 532, 164 P.2d 434, 162 A.L.R. 249.

3. This fact is sufficient in itself to distinguish Town of Highland Park v. Marshall, Tex.Civ.App., 235 S.W.2d 658, writ refused, no reversible error, cited by the Court of Civil Appeals.

There is no proof in the record of non-assertion by the City during the interval from January 2, 1959 to July 14, 1961 of its right to have the structure and its use brought into compliance with the ordinance. For aught the record shows, there may have been owners of the property other than Hansen, Johnson and Mrs. Hurt. The record shows that notice that the City was asserting its rights was promptly given to Hansen and Mrs. Hurt. There is no proof that the same notice was not given to Johnson and to any others who may have owned the property. There is no proof that legal proceedings were not filed against Hansen and all successive owners. Thus, the record is devoid of proof that the City was guilty of unreasonable delay and negligence in asserting its rights.

There is, likewise, an absence of proof in the record that because of the City's delay Mrs. Hurt changed her position in good faith. The deed from Johnson to Mrs. Hurt reflects a valuable consideration, but that fact alone does not import a good faith change of position. Mrs. Hurt was charged in law with knowledge of the City's zoning ordinance and that the structure she purchased was in a "B" Two-Family District. Johnson v. City of Dallas, Tex.Civ.App., 78 S.W.2d 265, 270, writ refused; Davis v. City of Abilene, Tex.Civ.App., 250 S.W.2d 685, 688, writ refused; City of Dallas v. Coffin, Tex.Civ.App., 254 S.W.2d 203, 206, writ refused, no reversible error. She did not even prove that she had no actual notice of those facts. She knew that she was purchasing a six-unit apartment house, and she did not prove lack of knowledge that it was erected in violation of the building permit. It simply cannot be said that there is evidence in the record before us that Mrs. Hurt changed her position to her detriment in good faith.

The brief of the Respondents offers no reasons, other than those discussed, for affirming the judgment of the Court of Civil Appeals.

The judgments of the Court of Civil Appeals and the trial court are reversed, and the cause is remanded to the trial court with directions to grant a permanent injunction restraining and enjoining use of the property in violation of the ordinance.