**DLB ARCHITECTS, P.C. and David Boeck, Appellants,**

v.

**Blair WEAVER, Weaver Construction Company, Inc., and Cool Water Development, L.L.P., Appellees.**

No. 05–09–00030–CV.

Court of Appeals of Texas, Dallas.

Jan. 29, 2010.

Benjamin Baker, Benjamin A. Baker, P.C., Sherman, TX, for Appellants.

J. Don Gordon, Hynds & Gordon, P.C., Sherman, TX, for Appellees.

Before Justices MORRIS, BRIDGES, and MURPHY.

## OPINION

Opinion By Justice MORRIS.

This interlocutory appeal follows the trial court's refusal to dismiss the claims that Blair Weaver, Weaver Construction Company, Inc., and Cool Water Development, L.L.P. brought against DLB Architects, P.C. and David Boeck for indemnity and contribution. Appellants moved for dismissal of the claims against them because appellees failed to file a statutorily required certificate of merit—an affidavit—at the time they filed their claims. The trial court concluded such an affidavit was not required for claims asserted against architects not registered in Texas. We conclude otherwise based on the plain language of the statute. We reverse the trial court's order and remand the cause to the trial court for further proceedings.

### I.

On May 9, 2007, Jeff and Yolanda Meincke sued appellees alleging defective construction of their home in Sherman. Appellees answered and filed a third-party complaint against appellants requesting indemnity and contribution.[1] Almost fifteen months after appellees filed their complaint, appellants moved for dismissal based on appellees' failure to file an affidavit of a third-party architect in accordance with section 150.002 of the civil practice and remedies code. Appellees responded

---

1. The third-party complaint alleged that to the extent any defects existed in the premises, they were caused by appellants' acts and omissions in designing and creating the plans and specifications for the construction of the residence.

to the motion arguing that section 150.002 did not apply because appellants were not registered as Texas architects. They further asserted appellants waived their right to relief under the statute by delaying the filing of their motion to dismiss. The trial court denied the motion after concluding appellants were not entitled to the benefit of section 150.002 because they were not registered in Texas. Appellants timely brought this interlocutory appeal challenging the trial court's ruling.

## II.

▉ The trial court's construction and application of a statute are questions of law we review de novo. *See Landreth v. Las Brisas Council of Co-Owners, Inc.,* 285 S.W.3d 492, 496 (Tex.App.-Corpus Christi 2009, no pet.). When construing a statute, we attempt to give effect to the legislature's intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). To determine legislative intent, we look to the plain and common meaning of the words the legislature used. *Id.* Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to be excluded for a purpose. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 659 (Tex.1995). Only when it is necessary to give effect to the clear legislative intent may we insert additional words into a statutory provision. *See Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 552 (Tex.1981).

▉ The central issue we must decide is whether chapter 150 applies to claims filed against architects not registered in Texas. The relevant statutory language, twice amended in 2005, provides as follows:

**§ 150.001 Definitions**

In this chapter:

(1) "Licensed or registered professional" means a licensed architect, registered professional land surveyor, licensed professional engineer, or any firm in which such licensed professional practices . . .

(2) "Practice of architecture" has the meaning assigned by Section 1051.001, Occupations Code.

**§ 150.002 Certificate of Merit**

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect . . . competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party . . . licensed architect shall be licensed in this state and actively engaged in the practice of architecture. . . .

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice. . . .

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97, *amended by* Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–3, 2005 Tex. Gen. Laws 348, 348 (effective May 27, 2005), *and* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 369–70 (effective September 1, 2005).[2]

---

**2.** Both 2005 amendments apply to appellees' third-party claims. The May 2005 amendment applies to actions filed after May 27, 2005. Appellees' third-party claim was filed

The trial court concluded section 150.002's affidavit requirements applied only to architects registered to practice in Texas. Yet the statute makes no mention of where an architect must be licensed or registered to be entitled to the benefit of its provisions. In reaching its conclusion, the trial court used the definition of "architect" in the Texas Occupations Code, which states, "In this subtitle: ... 'Architect' means a person registered under this chapter to engage in the practice of architecture." TEX. OCC.CODE ANN. § 1051.001(1) (Vernon Supp.2009). But there is no indication that the legislature intended to incorporate the occupations code's definition of "architect" into chapter 150 of the civil practice and remedies code. Moreover, the plain language of the statute does not support the trial court's limited application. If the legislature intended the affidavit requirement to apply only to those claims filed against defendant architects who are registered in Texas, it could have easily done so.

On appeal, appellees note that section 150.001(2) specifically adopts the definition of "practice of architecture" set forth in the Texas Occupations Code.[3] They argue it would make no sense for the legislature to adopt that definition and reject the occupations code's definition of "architect." We are unpersuaded by appellees' argument. As noted above, the legislature clearly did not include the occupations code's definition of "architect" in section 150.001(2).

We are also unpersuaded by appellees' contention that the principle of *in pari materia* requires us to utilize the occupations code's definition of "architect" in construing the term "licensed architect" in chapter 150. The principle of *in pari materia* provides that, where two or more separate statutory provisions pertain to the same subject, appellate courts should attempt to construe the provisions so that the statutes will be in harmony. *See Lenhard v. Butler*, 745 S.W.2d 101, 105 (Tex. App.-Fort Worth 1988, writ denied). The principle is limited, however, to two provisions that were enacted with the same purpose in mind. *See, e.g., Segura v. State*, 100 S.W.3d 652, 654 (Tex.App.-Dallas 2003, no pet.). The two statutes before us were enacted many years apart for different purposes and objectives. Chapter 150 was added in 2003 as part of a "comprehensive tort reform bill addressing many issues affecting the civil court system." Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 4, 78th Leg., R.S. (2003). The occupations code provision, on the other hand, dates back to a 1937 statute defining and regulating the practice of architecture to safeguard the public "against the irresponsible practice of the profession of architecture." Act of May 18, 1937, 45th Leg., R.S., ch. 478, 1937 Tex. Gen. Laws 1279, 1279; *see also* TEX. OCC. CODE ANN. § 1051.0015 (Vernon Supp.

in 2007. The September 2005 amendment applies to causes of action accruing after September 1, 2005. Appellees' contribution and indemnity claim accrues when the Meinckes recover damages or settle their claim against appellees. *See J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 200 (Tex.App.-Houston [14th Dist.] 2006, no pet.). We also note that in 2009, section 150.002 was again amended by the Legislature. The text appearing in subsection (d) quoted above is now found in subsection (e). In this opinion, we use the

earlier version of the statute, which is applicable to appellees' third-party claims.

3. We note that the incorporated definition of "practice of architecture" is silent on the subject of licensing or registration. *See* TEX. OCC. CODE ANN. § 1051.001(7) (Vernon Supp.2009) (providing, however, that "the proper application" of the practice of architecture "requires education, training, and experience in these matters").

2009). In light of the different purposes of the two statutes, the doctrine of *in pari materia* is inapplicable to the statutory construction issue before us.

Our conclusion that the term "licensed architect" in chapter 150 is not restricted to those architects registered in Texas is further supported by the legislature's use of the term "licensed in this state" when describing the requirements for the third-party licensed architect submitting the affidavit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 150.002(a). The statute specifically requires that the third-party licensed architect *"shall be licensed in this state." Id.* (emphasis added). If the trial court's construction were correct, the legislature's inclusion of the language "licensed in this state" would be redundant and mere surplusage.

Appellees argue that if section 150.002 applies to defendant architects not registered in Texas, the requirement that the third-party architect hold "the same professional license as" the defendant architect could lead to the absurd result of requiring the third-party architect to be licensed in a foreign jurisdiction. This reading, however, is in direct conflict with the express language of the statute that provides the third-party architect "shall be licensed in this state." Moreover, the "same professional license" requirement may be read to require the affiant to hold a license in the same discipline and profession as the defendant such that only an architect may testify about another architect. This construction is consistent with the express language of the section's second sentence, which requires the "third-party professional engineer, registered professional land surveyor, or licensed architect" to be "licensed in this state," and gives meaning to both sentences. Contrary to the trial court's construction of the statute, the legislature did not intend by using the term "licensed architect" to require the filing of an affidavit only in claims brought against a Texas-registered architect.

■ Appellees alternatively argue that appellants waived their right to require an affidavit under section 150.002 because they waited more than a year after they were sued to file their motion to dismiss. Waiver is the intentional relinquishment of a known right. *See Palladian Bldg. Co. v. Nortex Found., Designs, Inc.,* 165 S.W.3d 430, 434 (Tex.App.-Fort Worth 2005, no pet.). Where, as here, the facts and circumstances are clearly established, the question of waiver becomes one of law. *See id.* Appellees do not point to any evidence in the record of any intent on the part of appellants to waive the affidavit requirement; they argue only that appellants "availed themselves of the litigation process" for over a year. Unquestionably, appellants did participate in the "litigation process" before they filed their motion to dismiss. Our review of the record, however, reveals no action by appellants that would preclude them from seeking dismissal under the statute in question. *See id.* at 435. In addition, the statute does not contain any deadline for requesting dismissal. *See Landreth,* 285 S.W.3d at 500–501.

Based on the foregoing, we conclude the trial court erred in denying appellants' motion to dismiss. As the *Landreth* court concluded, "[t]he statute's plain language does not allow much latitude." *See id.* at 498. Because we conclude section 150.002 applies to appellees' third-party claims against appellants, appellees were required to file an affidavit from a third-party architect at the time they filed their complaint. Consequently, the trial court erred in refusing to dismiss appellees' claim. We reverse the trial court's order. We remand the cause to the trial court to deter-

mine whether the dismissal should be with or without prejudice as provided under section 150.002(d).