

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00166-CV

FOUNDATION ASSESSMENT, INC., D/B/A ENGINEERING DESIGN & ASSESSMENT, AND SURAJ K. CHOUDHURY

APPELLANTS

V.

SUZANNE O'CONNOR

APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

The primary issue we address in this interlocutory appeal is whether appellants Foundation Assessment, Inc., d/b/a Engineering Design & Assessment, and Suraj K. Choudhury waived their right to dismissal of the suit brought against them by appellee Suzanne O'Connor by waiting almost two

years to move for dismissal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f) (West 2011). Because we hold that they did not, we will reverse the trial court's order denying appellants' motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts giving rise to this case concern a rental property located in Fort Worth and owned by O'Connor. She contracted with Perma Pier Foundation Company to perform certain foundation repairs to the property. Under the contract, Perma Pier agreed that initial and final engineering reports would be performed on the property. O'Connor received the engineering reports from Foundation Assessment's owner and engineer, Choudhury. Both reports indicated that someone with Foundation Assessment had personally visited and evaluated O'Connor's property. The initial report indicated that at Perma Pier's request, Foundation Assessment had performed an assessment of the foundation of the property, including "site observations" and verification of the plan of repair and procedure to be employed. The final report stated that Foundation Assessment had "checked the works performed and [had] checked the jacking."

In April 2011, O'Connor sued Perma Pier and appellants, among others, alleging breach of contract, negligence and gross negligence, fraud, breach of express warranty, breach of implied warranty, violations of the deceptive trade practices act, civil conspiracy, and violations of the occupations code. The bulk of O'Connor's claims do not allege actions by appellants although she names all

2

"Defendants" generally in all but one of her claims.   Regarding appellants, O'Connor specifically alleged claims for fraud and civil conspiracy based on their allegedly making false statements in the engineering reports.[1]

Appellants timely filed an answer, and over the next twenty-two months, the parties litigated the case.  In February 2013, appellants moved to dismiss the suit against them under civil practice and remedies code section 150.002 because O'Connor did not file a certificate of merit along with her original petition.[2]   O'Connor filed a response and objections to the motion and, alternatively, a motion for additional time to file a certificate of merit.   After conducting a hearing and receiving supplemental briefs from the parties, the trial court denied appellants' motion to dismiss.

---

[1]O'Connor asserted that appellants could not have personally inspected the property and Perma Pier's work at the property, contrary to statements made by appellants in their engineering reports.  O'Connor alleged,

> It is believed that all inspection reports by Choudhury related to the Home are not based upon any personal inspection of the Home by Choudhury, and thus cannot possibly be believed and do not meet the requirements of any reputable engineer performing an assessment and preparing an engineering report related to foundation repairs.  Additionally, the Engineering Reports cannot reasonably be relied upon for any purpose.  It is O'Connor's belief that all of the reports provided by Choudhury are fraudulent and contain information that cannot possibly be based upon any personal site review by Choudhury.

[2]See Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

3

### III. STANDARD OF REVIEW

We review the trial court's order denying a motion to dismiss under an abuse of discretion standard. *Murphy v. Gutierrez*, 374 S.W.3d 627, 629–30 (Tex. App.—Fort Worth 2012, pet. filed) (citing *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.)). To determine whether a trial court abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; in other words, we must decide whether its act was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). "Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Palladian Bldg. Co.*, 165 S.W.3d at 433.

### IV. DISMISSAL UNDER SECTION 150.002 WAS REQUIRED

In their sole issue, appellants argue that the trial court abused its discretion by denying their motion to dismiss. They contend that because O'Connor never filed a certificate of merit, the trial court was statutorily required to dismiss the suit against them. O'Connor responds that appellants waived their right to dismissal by litigating the case for almost two years before filing their motion to dismiss, that section 150.002 does not require a certificate of merit to be filed in this case, and that appellants are barred from seeking dismissal based on the doctrine of laches.

4

## A. The Certificate of Merit Statute; No Waiver of Dismissal Right

Section 150.002, entitled "Certificate of Merit," provides:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
>
> (1) is competent to testify;
>
> (2) holds the same professional license or registration as the defendant; and
>
> (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
>
> > (A) knowledge;
> >
> > (B) skill;
> >
> > (C) experience;
> >
> > (D) education;
> >
> > (E) training; and
> >
> > (F) practice.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). By requiring a plaintiff to file a certificate of merit with her original petition,[3] section 150.002 deters meritless claims and brings them quickly to an end. *CTL Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013); *Criterium-Farrell Eng'rs*

---

[3]The statute requires a plaintiff to file a certificate of merit along with the "complaint," but we read this to mean the plaintiff's petition. *See Palladian Bldg. Co.*, 165 S.W.3d at 431 n.2.

*v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit."); *see also* House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 4, 78th Leg., C.S. (2003) ("In summary, [House Bill 4, including section 150.002] provides for a various corrective measure that will help . . . reduce the costs of litigation . . . [and] addresses many of the root causes of the current situation: non-meritorious lawsuits.").

If a certificate of merit does not accompany the petition, a trial court must grant dismissal on a defendant's motion. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e). The statute does not impose a deadline by which a defendant must file its motion to dismiss. *See id.* § 150.002. Several intermediate appellate courts have held that a defendant's delay in moving for dismissal does not, alone, strip the defendant of the right to dismissal. *See Pro Plus, Inc. v. Crosstex Energy Servs., L.P.*, 388 S.W.3d 689, 703 (Tex. App.—Houston [1st Dist.] 2012, pet. granted); *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 414 (Tex. App.—Waco 2010, pet. denied); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex. App.—Dallas 2010, pet. denied). But courts have recognized that a defendant can waive its right to dismissal in some instances. *Murphy*, 374 S.W.3d at 631 (discussing cases that indicate a defendant's dismissal right can be waived).

Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *See Jernigan v. Langley*, 111

6

S.W.3d 153, 156 (Tex. 2003) (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)); *Palladian Bldg. Co.*, 165 S.W.3d at 434. Waiver is ordinarily a question of fact but becomes a question of law when the facts are admitted or clearly established. *See Jernigan*, 111 S.W.3d at 156–57; *Palladian Bldg. Co.*, 165 S.W.3d at 434. Because waiver is largely based on intent, there can be no waiver of a right unless a litigant says or does something inconsistent with an intent to rely on such right. *See Jernigan*, 111 S.W.3d at 156; *Palladian Bldg. Co.*, 165 S.W.3d at 434. Thus, silence by a litigant traditionally does not constitute waiver, but waiver can be established if "the defendant's silence or inaction shows an intent to yield the right to dismissal." *Jernigan*, 111 S.W.3d at 157.

This court first addressed the issue of waiver in relation to section 150.002's dismissal right in *Palladian Bldg. Co.*, where we held that the defendant did not waive its right to dismissal by filing an original and amended answer before moving to dismiss. *See* 165 S.W.3d at 434–35. Since *Palladian Bldg. Co.*, only five intermediate appellate courts have directly addressed the issue. *See Pro Plus, Inc.*, 388 S.W.3d at 703–06; *Murphy*, 374 S.W.3d at 633–36; *Ustanik*, 320 S.W.3d at 413–14; *DLB Architects, P.C.*, 305 S.W.3d at 411; *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 501 (Tex. App.—Corpus Christi 2009, no pet.).[4] In *Murphy*, this court held that the

---

[4]The Texas Supreme Court granted review in the most recent intermediate appellate court decision, *Pro Plus, Inc.*, on April 19, 2013. *See* 388 S.W.3d at

defendant waived his right to dismissal by substantially invoking the judicial process; the defendant participated extensively in discovery, sought affirmative relief in the form of traditional and no-evidence summary judgment motions, participated in court-ordered mediation after obtaining partial summary judgment in his favor, and did not assert his dismissal right for three and one-half years before seeking it just five days before trial was scheduled. *See* 374 S.W.3d at 633–36. In the remaining four cases, the appellate courts held that the defendants did not waive their dismissal right. *See Pro Plus, Inc.*, 388 S.W.3d at 703–06 (finding no waiver where defendant participated in discovery, agreed to extend discovery and expert-designation deadlines, and delayed in filing motion to dismiss until after two-year statute of limitations ran on plaintiff's negligence claim); *Ustanik*, 320 S.W.3d at 413–14 (finding no waiver where defendants participated in discovery, filed motions for summary judgment, and waited more than two years before filing motion to dismiss); *DLB Architects, P.C.*, 305 S.W.3d at 411 (holding that defendants did not waive dismissal right by waiting fifteen months before filing motion to dismiss when no evidence showed intent to waive right); *Landreth*, 285 S.W.3d at 501 (holding that defendant did not waive dismissal right by participating in discovery, taking depositions, and filing motion for summary judgment because statute does not contain filing deadline and no evidence showed defendant intended to waive dismissal right).

---

689. And a petition for review is currently pending at the supreme court in *Murphy*. *See* 374 S.W.3d at 627.

8

Here, O'Connor filed her original petition in April 2011. In her petition, she alleged that appellants provided fraudulent engineering reports. In response, appellants filed an answer in which they generally denied the allegations. In February 2012, O'Connor filed an amended petition, which did not include any substantive changes. Appellants responded by filing an answer in which they generally denied the claims and asserted affirmative defenses.

During the next twenty-two months, appellants conducted little to no affirmative discovery; they responded to requests for disclosure that O'Connor included with her original petition, participated in a deposition of O'Connor noticed by Perma Pier,[5] and amended their responses to O'Connor's requests for disclosure to add information regarding a potential testifying expert. Appellants also agreed to a scheduling order, to extend the deadline to designate expert witnesses, and to reset the trial date. Appellants moved to dismiss the case against them almost two years after O'Connor brought suit, one month before the first trial setting.

The present case is more like those cases in which waiver was not found than *Murphy*. Appellants did not extensively participate in discovery, they did not seek affirmative relief in the trial court, and they did not participate in court-

---

[5]The deposition was hosted at the office of appellants' counsel. Appellants note that the deposition was taken at their offices in Dallas as a professional courtesy because counsel for Perma Pier is from San Antonio. The record does not contain the deposition transcript, but the index to the deposition shows that counsel for Perma Pier conducted the majority of the questioning and that appellants cross-examined O'Connor.

ordered mediation. *Cf. Murphy*, 374 S.W.3d at 635. Appellants took no actions inconsistent with an intent to rely on their dismissal right, other than waiting almost two years to file a motion to dismiss. *See Jernigan*, 111 S.W.3d at 156–157; *Palladian Bldg. Co.*, 165 S.W.3d at 434; *DLB Architects, P.C.*, 305 S.W.3d at 411.

Appellants' twenty-two-month delay in filing the motion to dismiss does not, without more, strip them of their dismissal right under section 150.002. *See Pro Plus, Inc.*, 388 S.W.3d at 703; *Ustanik*, 320 S.W.3d at 414; *DLB Architects, P.C.*, 305 S.W.3d at 411. Although this appears contrary to the purpose of the certificate of merit statute—which is to deter and quickly end non-meritorious claims—when interpreting statutory construction, we must "first and foremost" look to the words of the statute to give effect to the legislature's intent. *See CTL Thompson Tex.*, 390 S.W.3d at 301; *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006); *see also State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (explaining that our primary objective in statutory construction is to give effect to the legislature's intent). We presume that every word of a statute was used for a purpose and that every omitted word was purposefully not chosen. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). The legislature has imposed deadlines on some statutory dismissal rights, but it did not provide a deadline for filing a motion to dismiss under section 150.002. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 150.002, *with id.* § 27.003(b) (West Supp. 2013) (providing a statutory sixty-day deadline to file a motion to dismiss in an anti-

10

SLAPP case), *and id.* § 74.351(a) (West Supp. 2013) (requiring that a health-care-liability-claims defendant file objections to the sufficiency of a plaintiff's expert report within twenty-one days after service). Applying the rules of statutory construction to the certificate of merit statute, we must presume that the legislature meant what it said, and we cannot imply waiver based only on delay when the legislature did not provide a deadline for filing a motion to dismiss under section 150.002. *See TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439.

Given the state of the law at this point in time and applying strict statutory construction to section 150.002, we are constrained to hold based on the facts presented here that appellants did not waive their right to seek dismissal based on O'Connor's failure to file a certificate of merit in this case.

**B. Section 150.002 Applies to O'Connor's Claims Against Appellants**

O'Connor also asserts, as an alternative basis to uphold the trial court's order denying appellants' motion to dismiss, that section 150.002 does not require a certificate of merit to be filed in her suit against appellants. According to O'Connor, because section 150.002 applies only to actions "arising out of the provision of professional services," Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), it does not apply to her claims alleging that appellants "*did not* perform the actions they claim to have performed [a personal site inspection of the property] via their purported inspection reports."

Section 150.002 requires a certificate of merit in any action for damages arising out of the provision of professional services by a licensed professional

11

engineer. *Id.* § 150.001(1) (West 2011), § 150.002(a). When determining whether an action arises out of the provision of professional services, the issue is not whether *the alleged tortious acts* constituted the provision of professional services, but rather whether *the tort claims* arise out of the provision of professional services. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 793 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Pelco Constr., Inc. v. Dannenbaum Eng'g Corp.*, 404 S.W.3d 48, 54–55 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). In other words, section 150.002 "does not require the specific acts creating the claim for the tort also constitute the provision of professional services" but instead "the acts creating the claim must 'aris[e] out of the provision of professional services.'" *Pelco Constr., Inc.*, 404 S.W.3d at 54–55. And the statute requires that the certificate of merit

> set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, *or omission* of the licensed [professional engineer] in providing the professional service, including any error *or omission* in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (emphasis added). Thus, the certificate of merit must state any action *or omission* in providing the professional service.

Here, appellants provided initial and final engineering reports. The parties do not dispute that appellants qualify as "licensed professional engineer[s]" under the certificate of merit statute. *See id.* § 150.001(1) (defining a "licensed or

12

registered professional" to include a licensed professional engineer and any firm in which the licensed professional practices as a licensed professional). Nor do the parties dispute that the services appellants agreed to provide in this case—providing initial and final engineering reports—constitute the provision of professional services. *See id.* § 150.002(a); Tex. Occ. Code Ann. § 1001.003(b)–(c) (West 2012) (defining the practice of engineering). O'Connor alleged that appellants falsely claimed in their reports that they had personally inspected the house and alleged that the reports "are not based upon any personal inspection of the Home by Choudhury, and thus cannot possibly be believed and do not meet the requirements of any reputable engineer performing an assessment and preparing an engineering report related to foundation repairs."

To determine whether section 150.002 applies to require a certificate of merit, the question is not whether the alleged acts and omissions of appellants—fraudulently stating in the engineering reports that the foundation assessments were based, in part, on an inspection of the site—constitute the provision of the professional services. The question is whether appellants' act of providing engineering reports constituted the provision of professional services. The alleged acts, omissions, and misrepresentations of appellants were made as part of their providing initial and final engineering reports and, consequently, arose out of the provision of professional services. *See Dunham Eng'g, Inc.*, 404 S.W.3d at 793; *see also Pelco Constr., Inc.*, 404 S.W.3d at 56 (holding certificate

13

of merit required where plaintiff alleged that engineer defendant made misrepresentations at pre-bid conference while explaining project to plaintiff and during oversight of construction); *Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 480–81 (Tex. App.—Fort Worth 2011, no pet.) (holding that alleged false misrepresentations regarding procurement of easement were made as part of defendant's performance of professional services). Thus, section 150.002 applies to O'Connor's claims against appellants.[6]

### C. Laches Does Not Apply

O'Connor also asserts that the trial court did not abuse its discretion by denying appellants' motion to dismiss because the doctrine of laches precludes appellants' right to seek dismissal under the certificate of merit statute.

Laches is an affirmative defense akin to estoppel. *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex. 1964); *see* Tex. R. Civ. P. 94. The two essential elements of laches are (1) an unreasonable delay by one having legal or equitable rights in asserting those rights, and (2) a good faith change of position by another to her detriment because of the delay. *Johnson*, 388 S.W.2d at 403; *see also Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *Ustanik*, 320 S.W.3d at 414.

---

[6]O'Connor also alleges in her brief that section 150.002 does not apply because she did not seek damages from appellants. But O'Connor's amended petition asserts multiple causes of action against all "Defendants," including appellees, and specifically names appellees in her causes of action for fraud and civil conspiracy; she sought damages for all causes of action and generally prayed for damages from all "Defendants."

14

We will assume, without deciding, that O'Connor may use the affirmative defense of laches to prevent the dismissal of her suit. She had the burden to prove unreasonable delay by appellants in asserting their dismissal right and also that her position had, in good faith, been changed because of the delay. *See Johnson*, 388 S.W.2d at 403. O'Connor made arguments in her response to the motion to dismiss alleging that she had suffered prejudice, but she did not show that she detrimentally changed her position in reliance on appellants' delay in asserting their dismissal right.[7] *See Culver v. Pickens*, 142 Tex. 87, 91, 176 S.W.2d 167, 170–71 (1943); *Trammel's Lubbock Bail Bonds v. Lubbock Cnty.*, 60 S.W.3d 145, 150 (Tex. App.—Amarillo 2001) ("[O]ne invoking laches must demonstrate that his ability to pursue a right or defense has been impaired because of the delay."), *rev'd in part on other grounds*, 80 S.W.3d 580 (Tex. 2002). Thus, O'Connor has not satisfied her burden to prove laches. *See* Tex. R. Civ. P. 94; *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (requiring that party present evidence to support affirmative defense).

---

[7]For example, O'Connor alleged generally that because the discovery period ended prior to appellants' moving to dismiss, she was prevented from conducting additional discovery "necessitated by the position of Appellants relative to § 150.002," and that she "would have made other decisions and pursued other avenues had Appellants timely exercised whatever right to dismissal they now claim." She did not elaborate on or provide any evidence of what discovery she was prevented from conducting or what "other decisions" and "other avenues" she would have made and pursued.

**D. Denial of Motion to Dismiss Was an Abuse of Discretion**

Having held that appellants did not waive their right to dismissal under section 150.002, that section 150.002 requires a certificate of merit to be filed in this case, and that the doctrine of laches does not bar appellants' right to dismissal, we hold that the trial court abused its discretion by denying appellants' motion to dismiss. We sustain appellants' sole issue.

## V. CONCLUSION

Having sustained appellants' sole issue, we reverse the trial court's order denying appellants' motion to dismiss and remand the case to the trial court for entry of an order granting appellants' motion after it determines whether the dismissal should be with or without prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(e).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: March 6, 2014