# IN THE SUPREME COURT OF TEXAS

No. 16-0966

THOMAS A. LALONDE, JR., P.E., INDIVIDUALLY AND D/B/A LEE ENGINEERING
CO., LEE ENGINEERING CO., STANLEY HAROLD PRATHER AND PRATHER
ENGINEERING CONSULTANTS, INC., PETITIONERS,

V.

PAUL GOSNELL AND KIM GOSNELL, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

**Argued November 1, 2018**

JUSTICE GUZMAN delivered the opinion of the Court, in which JUSTICE GREEN, JUSTICE
LEHRMANN, JUSTICE DEVINE, JUSTICE BROWN, and JUSTICE BUSBY joined.

JUSTICE BOYD filed a dissenting opinion, in which CHIEF JUSTICE HECHT and JUSTICE
BLACKLOCK joined.

Chapter 150 of the Texas Civil Practice and Remedies Code requires that a sworn "certificate

of merit" accompany any lawsuit complaining about a licensed professional engineer's services.[1]

Failure to contemporaneously file an affidavit from a similarly licensed professional attesting to the

lawsuit's merits requires dismissal of the suit.[2] The certificate-of-merit requirement is a substantive

---

[1] TEX. CIV. PRAC. & REM. CODE § 150.002(a).

[2] *Id.* § 150.002(b), (e).

hurdle that helps ensure frivolous claims are expeditiously discharged.[3] To that end, if the plaintiff fails to file a certificate of merit, the statute obviates the need to litigate the lawsuit altogether, even to the point of relieving the defendant of any obligation to file an answer until thirty days after a certificate is filed.[4]

No certificate of merit has ever been filed in this lawsuit, as required, but the defendant engineers did not seek dismissal until the eve of trial—1,219 days after suit was filed, nearly two years after the engineers answered, and long after the limitations periods had expired on the plaintiffs' claims. In the interim, the engineers participated in discovery until all discovery deadlines had expired, filed motions seeking to shift responsibility to third parties, and—rather than invoking the absolute statutory right to dismissal—chose to participate in alternative methods for terminating the lawsuit. As we affirmed in *Crosstex Energy Services, L.P. v. Pro Plus, Inc*., a defendant can waive Chapter 150's certificate-of-merit requirement by litigating inconsistently with claiming the right to dismissal.[5] Considering the totality of the circumstances, we agree with the court of appeals that the defendant engineers' engagement of the judicial process implies they intended to waive the statute's requirements.[6] Accordingly, we affirm the court of appeals' judgment and remand the case to the trial court for further proceedings.

---

[3] *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) ("Section 150.002(e) dismissal is a sanction . . . to deter meritless claims and bring them quickly to an end."); *cf. Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010) (discussing an analogous expert-report requirement under the Texas Medical Liability Act).

[4] TEX. CIV. PRAC. & REM. CODE § 150.002(d).

[5] 430 S.W.3d 384, 386, 393-95 (Tex. 2014).

[6] 559 S.W.3d 559, 568 (Tex. App.—Fort Worth 2016).

2

## I. Background

Paul and Kim Gosnell hired Thomas A. LaLonde d/b/a Lee Engineering Co.; TAL Industries, Inc. d/b/a Lee Engineering Co.; Stanley Harold Prather; and Prather Engineering Consultants Inc. (collectively, the Engineers) to evaluate and stabilize their home's foundation. The Gosnells allege the Engineers' work exacerbated the foundation problems, causing significant damage to their home. Exactly two years later, the Gosnells sued the Engineers, alleging contract and tort claims, but they did not contemporaneously file a certificate of merit as required by section 150.002 of the Texas Civil Practice and Remedies Code.

Twenty months later, the Engineers filed their original answer, denying the allegations and requesting attorney's fees. Though a certificate of merit still had not been filed, the parties agreed to a scheduling order establishing discovery and expert-designation deadlines and setting a trial date. Shortly thereafter, the parties voluntarily participated in mediation to resolve the case without further litigation.

When settlement efforts failed, the parties began litigating the case in accordance with the scheduling order. Over the course of the next eighteen months, the Engineers successfully moved to withdraw and substitute counsel; supplemented their answer with specific denials and affirmative defenses; propounded and responded to discovery requests; designated expert witnesses; and moved to designate responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code. A second agreed scheduling order extended the discovery and expert-witness designation deadlines and also reset the trial, which had been continued by agreement at the defendants' request.

3

The day discovery closed, the Engineers produced a final batch of documents. A few days after that, the parties participated in an unsuccessful court-ordered mediation.

Two days later—and mere weeks before trial—the Engineers filed a motion to dismiss with prejudice because the Gosnells had not included a certificate of merit when they filed their original petition forty months earlier. The dismissal hearing was delayed for an additional five months as the parties engaged in further settlement negotiations, but the trial court ultimately granted the motion and dismissed the Gosnells' lawsuit with prejudice.

The court of appeals reversed, holding the Engineers impliedly waived section 150.002's requirements.[7] Considering the totality of the circumstances, the court concluded that "the Engineers' engagement in the judicial process indicated their intention to litigate and amounted to waiver."[8]

We granted the Engineers' petition for review, which asserts the court of appeals applied the wrong waiver standard and the wrong standard of review. The Engineers argue that implied waiver of a statutory right (1) is not determined under a totality-of-the-circumstances test, (2) should not be reviewed de novo because it involves a question of intent, (3) always begins with a presumption against waiver, and (4) requires a showing of prejudice. We reject the first two arguments. As to the third, we hold that the undisputed evidence satisfies the burden of proof under our intent-based

[7] *Id.*

[8] *Id.*

4

waiver standard.[9]  We need not decide whether prejudice—a conceptually distinct concept from waiver—is required to effect a waiver because prejudice is established on this record.

## II. Discussion

In *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, we held that section 150.002's certificate-of-merit requirement is mandatory but not jurisdictional, so notwithstanding the absence of a statutory deadline for dismissal, it can be waived.[10]  The Gosnells concede they failed to file the affidavit section 150.002 requires, but assert the Engineers impliedly waived that requirement by substantially invoking the judicial process contrary to their statutory right to dismissal.  The court of appeals agreed with the Gosnells but the Engineers say this was error because the court applied the "totality of the circumstances" waiver test instead of the "traditional" waiver test.  Perceiving a distinction between judicial articulations of the waiver standard, the Engineers maintain that the "totality of the circumstances" test is limited to determining waiver of contractual rights, such as

---

[9] In cases involving contractual arbitration and forum-selection clauses, we have noted that a "strong presumption against waiver" exists and that the presumption "should govern" in "close cases," *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008), such that "doubts" as to waiver are "resolved in favor of arbitration," *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008); *see also, e.g.*, *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) (arbitration); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 718 & n.1 (Tex. 2016) (forum-selection clauses, which are "analogous to arbitration clauses"); *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 783 (Tex. 2006) (arbitration); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996) ("The FAA [Federal Arbitration Act] disfavors waiver, and there is a strong presumption against waiver." (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995))).  We have not recognized a similar presumption outside these contexts, and the public policies favoring arbitration and contract rights are not implicated here.  We note, however, that the party asserting waiver bears the burden of proving intent by a preponderance of the evidence.  Proving intent is an inherently high standard, and the necessity of preponderating evidence of subjective intent means that a claim of waiver in a close case would fail.  The FAA's "strong presumption" also seems to refer to the requirement, in the arbitration context, that waiver be accompanied by prejudice, a matter we do not reach here because the record establishes prejudice.  *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998).

[10] 430 S.W.3d 384, 393 (Tex. 2014).  Though we settled the matter in *Crosstex*, the American Council of Engineering Companies of Texas, as amicus curiae, argues that section 150.002's requirements cannot be waived.  For the reasons articulated in *Crosstex*, we disagree.

arbitration and forum selection, while the "traditional" test applies to waiver of statutory rights, like those in section 150.002.

We disagree that the waiver tests are different in the way the Engineers assert. The nature of the right at issue might make a difference in whether a showing of prejudice or detriment is required,[11] a matter we need not consider in this case, but we cannot agree that the standard for determining implied waiver differs.

## A. Waiver Standard

Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."[12] Waiver "results as a legal consequence from some act or conduct of the party against whom it operates" and is "essentially unilateral in character," meaning "no act of the party in whose favor it is made is necessary to complete it."[13] Prejudice, in comparison, is an estoppel-based requirement that focuses on detriment or prejudice to the other party.[14]

---

[11] *See Nationwide*, 494 S.W.3d at 712-13 (observing that for waiver of forum-selection clauses, "we have borrowed a different standard from the jurisprudence applicable to arbitration clauses" that requires prejudice); *Perry Homes*, 258 S.W.3d at 593, 595 (describing the test for implied waiver of arbitration rights as "quite similar" to the test for "estoppel," where the question is "not so much when waiver occurs as when a party can no longer take it back" and noting that, in some contexts, "prejudice is an element of the normal contract rules").

[12] *Crosstex*, 430 S.W.3d at 391 (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)).

[13] *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 485 (Tex. 2017) (quotation marks omitted).

[14] *Perry Homes*, 258 S.W.3d at 593, 595; *see also Nationwide*, 494 S.W.3d at 712-13 (noting the implied waiver test "borrowed" from the arbitration context is "different" from traditional waiver principles because the former includes the estoppel-based requirements of detriment or prejudice).

6

Though waiver is a question of intent, it need not be explicit.[15] A party's conduct sufficiently demonstrates intent to waive a right if, in light of the "surrounding facts and circumstances," it is "unequivocally inconsistent with claiming" that right.[16] As we explained in *Crosstex*, "[s]ubstantial invocation of the judicial process" implies waiver when it "clearly demonstrat[es]" an intent to abandon a known right.[17] Intentional relinquishment is "clearly demonstrate[d]" when litigation conduct is manifestly inconsistent with the right at issue.[18] To effect waiver by litigation conduct in the arbitration and forum-selection cases, we have also required a showing of prejudice but only *in addition* to an intent to abandon those rights.[19] Under Texas law, implied waiver and prejudice are distinct concepts.[20] That does not mean, however, that evidence bearing on one is irrelevant to the other, because conduct inconsistent with claiming a right can evince intent while also working a prejudice to the opposing party.

Our description of the type of litigation conduct that can establish an implied waiver has varied in articulation, but not in substance. While our arbitration and forum-selection cases refer

---

[15] *Crosstex*, 430 S.W.3d at 393.

[16] *Id.*; *Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 (Tex. 2005).

[17] *Crosstex*, 430 S.W.3d at 394.

[18] *Id.*

[19] *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405, 410-11 (Tex. 2011) (both conduct evidencing intent to waive contractual appraisal right and prejudice were required); *Perry Homes v. Cull*, 258 S.W.3d 580, 593, 595 (Tex. 2008) (holding a party's litigation conduct established both intentional abandonment of arbitration rights and prejudice in the form of "substantial direct benefits" and "advantage" from engaging "in the pretrial litigation process").

[20] *See Perry Homes*, 258 S.W.3d at 595 ("Under Texas law, waiver may not include a prejudice requirement, but estoppel does. In cases of waiver [of arbitration rights] by litigation conduct, the precise question is not so much when waiver occurs as when a party can no longer take it back.").

to implied waiver arising when a party "substantially invokes the litigation process,"[21] some statutory-right cases refer to waiver implied by "engagement in the judicial process" that "clearly demonstrates" an intent to waive the right.[22] To the extent these linguistic variations have caused confusion, we clarify here that the universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution.[23] This is a high standard.

In determining whether a party's conduct clearly demonstrates an intent to waive a right, courts must consider the totality of the circumstances.[24] This is a "case-by-case" approach that necessitates consideration of all the facts and circumstances attending a particular case.[25] That is precisely the standard the court of appeals applied in correctly concluding the Engineers waived the

---

[21] *See, e.g.*, *id.* at 589-90 (arbitration); *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (forum selection).

[22] *See Crosstex*, 430 S.W.3d at 394.

[23] *See Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 6 (Tex. 2014) ("In general, parties may waive statutory and even constitutional rights."); *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996) ("Silence or inaction, for so long a period as to show an intention to yield the known right, is also enough to prove waiver.").

[24] *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 713 (Tex. 2016) ("Whether litigation conduct is 'substantial' depends on context and is determined on a case-by-case basis from the totality of the circumstances."); *Crosstex*, 430 S.W.3d at 393 ("To find waiver through conduct, such intent 'must be clearly demonstrated by the surrounding facts and circumstances.'"); *Perry Homes*, 258 S.W.3d at 591 ("We agree waiver must be decided on a case-by-case basis, and that courts should look to the totality of the circumstances.").

[25] *See supra* note 24.

right to dismissal based on the Gosnells' failure to file an expert's threshold assurance that their claims are not frivolous.[26]

The Engineers also complain about the standard of review the court of appeals applied, but as the Engineers concede, we have long and consistently held that waiver is a question of law.[27] Appellate courts do not defer to the trial court on questions of law.[28] Deference must be afforded to the trial court's disposition of disputed facts, but when there are none, as here, our review is entirely de novo.

## B. Implied Waiver of the Certificate-of-Merit Requirement

The rights at issue here arise under section 150.002 of the Texas Civil Practice and Remedies Code. Section 150.002 gives certain professionals, including licensed engineers, the right to a professional certification that any complaint about their services has merit before any litigation may be undertaken at all.[29] Absent a properly filed certificate of merit, professionals have the right to avoid litigation entirely.[30] By enabling defendants to quickly jettison meritless lawsuits, the certificate-of-merit requirement saves parties the expense of protracted litigation.[31]

---

[26] 559 S.W.3d at 561, 566-68 (Tex. App.—Fort Worth 2016) (concluding that "the totality of the circumstances here paints the picture of defendants who did not intend to take advantage of their right to dismissal").

[27] *Perry Homes*, 258 S.W.3d at 598 & n.101.

[28] *Id.* at 598 & n.102.

[29] TEX. CIV. PRAC. & REM. CODE § 150.002(a), (b), (d).

[30] *Id* § 150.002(d), (e).

[31] *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n Inc.*, 390 S.W.3d 299, 300-01 (Tex. 2013).

To that end, unlike the analogous expert-report requirement in the Texas Medical Liability Act, the right to dismissal under section 150.002 ordinarily arises immediately when a "complaint" has been filed without an expert's sworn certification of merit.[32]  Also unlike the Medical Liability Act, the case must be dismissed under section 150.002 without the defendant ever having to file an answer.[33]  Though Chapter 150 does not include any deadline for seeking dismissal, it quite plainly provides ample opportunity to do so without the need to engage in any other litigation activity, at least when no certificate has been filed, as in this case.[34]  Our precedents affirm that the absence of a deadline for asserting a right—whether arising under a statute, a contract, or the constitution—does not preclude implied waiver by conduct inconsistent with claiming the right.[35]  We thus begin our

---

[32] TEX. CIV. PRAC. & REM. CODE § 150.002(a), (c), (e).

[33] *Compare id.* § 150.002(a), (b), (d) (requiring an expert certification to be filed contemporaneously with the petition and tolling the defendant's answer filing date until 30 days after a compliant certificate is filed), *with id.* § 74.351(a) (requiring service of an adequate expert report within 120 days after the original answer is filed, absent a statutorily permitted extension).

[34] Cases involving a missing certificate are analytically different than those in which a certificate has been filed but is later challenged as defective or otherwise noncompliant.  In the latter case, one might reasonably expect some litigation activity would be essential to "learn more about the case" and avoid being disadvantaged if a dismissal motion challenging the adequacy of a expert certification is denied.  *Jernigan v. Langley*, 111 S.W.3d 153, 157 (Tex. 2003).

[35] *See, e.g.*, *Crosstex Energy Services, L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394-95 (Tex. 2014) (section 150.002's requirement of a timely certificate of merit and right to dismissal as a remedy for noncompliance may be waived); *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008) (finding waiver of a contractual right to arbitration); *Jernigan*, 111 S.W.3d at 156 ("Although there is no statutory deadline to file a motion to dismiss [under a superseded version of the Medical Liability Act], we must decide whether [the defendant] nevertheless waived the right . . . ."); *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 843-44 (Tex. 2000) (constitutional rights can be waived by conduct inconsistent with claiming that right, and a party's "conduct for more than fifty years," including agreeing to pay the taxes, was inconsistent with his complaint that the assessed taxes violated the Texas Constitution); *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996) ("[O]ver a period of three years, from the date of the First Transfer until the filing of this lawsuit, no owner complained about Tenneco Natural Gas Liquids' failure to comply with Section 12.2 [of the parties' contract].  This extended inaction by the plant owners, coupled with their acceptance of Tenneco Natural Gas Liquids as a plant co-owner, establishes an intentional waiver of any rights concerning the First Transfer.").

implied-waiver analysis with the observation that *all* of the Engineers' conduct in this case was inconsistent with their rights under section 150.002.

As we explained in *Crosstex*, however, not all litigation conduct is necessarily *so inconsistent* with a party's rights under section 150.002 to imply an intent to relinquish those rights.[36] For example, conduct that is merely defensive or responsive to litigation initiated and carried on by the other party does not in and of itself give rise to waiver.[37] Hence, filing an answer "out of an abundance of caution" is "inconsequential"[38] and "attempting to learn about the case" when the defect in an expert's certification may not be evident would not be "inconsistent with the intent to assert the right to dismissal."[39] Nor is mere delay, like the eight-month time frame in *Crosstex*, ordinarily sufficient to imply waiver.[40]

---

[36] *See Crosstex*, 430 S.W.3d at 394-95 (filing an answer, engaging in limited discovery, and waiting a few months to move for dismissal did not indicate an intent to waive the certificate-of-merit requirement and the right to dismissal for noncompliance).

[37] *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016) ("[A]sserting defensive claims—even if such claims seek affirmative relief—does not waive arbitration."); *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 513 (Tex. 2015) ("A party's litigation conduct aimed at defending itself and minimizing its litigation expenses, rather than at taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process.").

[38] *Crosstex*, 430 S.W.3d at 394; *see, e.g.*, *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433-35 (Tex. App—Fort Worth 2005, no pet.) (finding that filing original and amended answers constituted "no action that would preclude it from seeking dismissal . . . .").

[39] *Jernigan*, 111 S.W.3d at 157 (expert-report filed as required under the Texas Medical Liability Act, but subsequently challenged as defective).

[40] 430 S.W.3d at 387 (eight months with limited activity); *see also Jacobs Field Servs. N. Am., Inc. v. Willeford*, No. 01-17-00551-CV, 2018 WL 3029060, at *5 (Tex. App.—Houston [1st Dist.] June 19, 2018, no pet.) (mem. op.) (six-and-a-half months); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 501 (Tex. App.—Corpus Christi 2009, no pet.) (eight days after learning the plaintiff's certificate of merit was fatally deficient).

11

Yet, in affirming that section 150.002's requirements can be waived by substantially engaging the judicial process, *Crosstex* also recognizes that, at some point, the right to a threshold certification of merit will be so obviated by a party's litigation conduct as to clearly evince an intent to abandon that requirement and proceed with the litigation.[41] Whether that is the case here depends on the totality of the circumstances.

## C. Totality of the Circumstances

The jurisprudence reflects several factors that bear on whether a party's litigation conduct clearly demonstrates an intent to repudiate a known right. For the most part, those factors have received attention in the arbitration and forum-selection contexts,[42] but they must necessarily be weighed differently here because the right at issue is materially different. Arbitration and forum-selection cases involve rights that do not terminate the litigation; rather, those rights—at best—change the arena of dispute and, in doing so, may change the rules of engagement. Here, in comparison, the rights arising under section 150.002 eliminate the obligation to litigate *at all* based on the plaintiff's failure to raise a preliminary fact issue on merit. The right to dismissal under section 150.002(e) arises *solely and exclusively* from the requirements in sections 150.002(a) and (b) that an engineer certify the merit of each theory of recovery before the case may proceed. This requirement can be waived, and if it is, the right to dismissal under section 150.002(e) is as well. In focusing only on the dismissal right in section 150.002(e), the dissent ignores waiver of the

---

[41] 430 S.W.3d at 386, 393-95.

[42] *Perry Homes v. Cull*, 258 S.W.3d 580, 591 (Tex. 2008) (arbitration); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 718 & n.1 (Tex. 2016) (forum selection).

condition precedent to that right, misstates the right at issue, and asserts—contrary to clear precedent—that the absence of a statutory deadline for dismissal is essentially controlling.

Fixating on the absence of a statutory deadline for dismissal, the dissent frames the right at issue as the right to seek and obtain dismissal at "*any . . . point in the litigation process*," the "unlimited" right to seek dismissal at any time, "the right to seek dismissal *at any time*," the "right to *ever* obtain dismissal *at any point in the process*," and "the right to obtain dismissal of the homeowners' claims *at any time* during this litigation process."[43] The statute says no such thing. The dissent adds those words to a statute that is simply silent on the matter. The dissent's augmented view of the statute and root analysis conflict with our holding in *Crosstex* that substantially invoking the litigation process can waive section 150.002's requirements when that conduct demonstrates intent to waive those requirements.

*Jernigan* involves (1) a substantively different statute that does not excuse the defendant from litigating and (2) a timely filed, but allegedly defective, expert report. Nevertheless, we held the same thing there—even without a statutory deadline for dismissal, rights may be waived through a party's actions "inconsistent with the intent to assert the right to dismissal."[44] As we held in *Jernigan*, and as we do here, merely waiting to move for dismissal is insufficient to establish waiver "unless the defendant's silence or inaction shows an intent to yield the right to dismissal based on the report's insufficiency" and "to establish an intent to waive the right to dismissal under [the

---

[43] *Post* at 6-9, 11 & 14 (BOYD, J., dissenting) (emphases added).

[44] *Jernigan v. Langley*, 111 S.W.3d 153, 156-57 (Tex. 2003) ("Although there is no statutory deadline to file a motion to dismiss, we must decide whether [the defendant] nevertheless waived the right . . . .").

statute], the defendant's silence or inaction must be inconsistent with the intent to rely upon the right to dismissal."[45] Consistent with *Crosstex*, we also made clear that delay is only one of the surrounding facts and circumstances to be considered.[46] An objective reading of *Jernigan* does not support the dissent's characterization of its disposition as turning on the absence of statutory deadline.

Given the true nature of the rights at issue here, the proper focus is on the degree to which a party has chosen to litigate despite the plaintiff's noncompliance with the statutory requirement of a threshold merits certification and the availability of a mandatory dismissal right. We do not focus on a single factor, so conduct that may seem negligible in isolation may nonetheless unequivocally demonstrate an intent to abandon section 150.002's requirements when the party's conduct is cumulatively considered in light of the surrounding facts and circumstances.

---

[45] *Id.* at 157 (citing *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996), and *Martinez v. Lakshmikanth*, 1 S.W.3d 144 (Tex. App.—Corpus Christi 1999, pet. denied)).

[46] *Id.* at 156 (intent to waive "must be clearly demonstrated by the surrounding facts and circumstances"); *id.* at 157 (considering the defendant's delay, participation in discovery, pleading practice, and affirmative request for relief in determining whether the defendant's actions were "so inconsistent with an intent to assert the [statutory] right to dismissal").

14

## 1. Discovery Participation

One factor is whether and to what extent the defendant has participated in pretrial discovery.[47] If all the defendant does is parry a plaintiff's attacks[48] or attempt to learn more about the case to determine eligibility for dismissal,[49] engaging in such discovery has little bearing on the defendant's intent to waive the right. But actively pursuing discovery oriented toward a resolution on the merits strongly indicates the defendant intends to litigate and, thus, waive the statute's threshold requirements. This is especially so in a case like this where the fatal defect—the lack of a certificate of merit—exists at the outset of litigation.

The import discovery activities bear depends considerably on the right at issue. In the forum-selection context, for example, engaging in initial discovery says little about waiver, especially when the same discovery would be available in the other forum.[50] Discovery will happen one way or the other, so any discovery that occurs retains value even after the right to litigate in another forum has been exercised. In contrast, seeking discovery when the absolute right to dismissal clearly and unequivocally exists at the suit's inception would, in the ordinary case, be

---

[47] *Id.* at 157; *Crosstex*, 430 S.W.3d at 394; *Found. Assessment, Inc. v. O'Connor*, 426 S.W.3d 827, 833 (Tex. App.—Fort Worth 2014, pet. denied); *Murphy v. Gutierrez*, 374 S.W.3d 627, 633 (Tex. App.—Fort Worth 2012, pet. denied); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex. App.—Dallas 2010, pet. denied); *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 414 (Tex. App.—Waco 2010, pet. denied); *Palladian Bldg. Co., Inc. v. Nortex Found. Designs Inc.*, 165 S.W.3d 430, 434 (Tex. App.—Fort Worth 2005, no pet.); *see also Perry Homes*, 258 S.W.3d at 593 ("How much litigation conduct will be 'substantial' depends very much on the context; three or four depositions may be all the discovery needed in one case, but purely preliminary in another.") (footnotes omitted).

[48] *Jernigan*, 111 S.W.3d at 157 ("[T]he defendant's participation was in response to discovery initiated by the plaintiff.").

[49] *Id.*; *Crosstex*, 430 S.W.3d at 394.

[50] *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (finding no waiver after the defendant moved to compel arbitration after only filing an answer and propounding one set of interrogatories and requests for production).

manifestly inconsistent with that right. Thus, in the certificate-of-merit context, discovery may be pointless unless the defendant intends to waive the right to dismissal.

Still, one could envision scenarios in which some discovery would be useful, such as when the discovery could help persuade the trial court to dismiss with prejudice, which is entirely in the trial court's discretion under section 150.002(e), or when a certificate is filed but later challenged as inadequate.[51] An implication of intent depends on the nature, degree, and extent of discovery activities under the circumstances. Not just quantity but also quality. Discovery that would be inconsistent with exercising one's rights under section 150.002 in a relatively straightforward case might be inconsequential in a more complex case.

## 2. Stage of Litigation and Elapsed Time

Another factor to consider is the point in the litigation process that the defendant first attempts to seek dismissal.[52] As is evident from the statute's express language—which essentially abates all litigation if no preliminary evidence of merit is offered—the expert-affidavit requirement serves to weed out frivolous claims before litigation commences, not to dispose of those that are potentially meritorious.[53] So the more developed a case is, and the closer it is to trial, the stronger

---

[51] TEX. CIV. PRAC. & REM. CODE § 150.002(e).

[52] *Murphy*, 374 S.W.3d at 634-35; *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 501 (Tex. App.—Corpus Christi 2009, no pet.); *see Perry Homes*, 258 S.W.3d at 591.

[53] *Cf. Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001).

16

the implication becomes that the defendant intended to abandon the certificate-of-merit requirement and, accordingly, the remedy for noncompliance.[54]

The time elapsed in the litigation should also be taken into consideration.[55] Indeed, "[s]ilence or inaction, for so long a period as to show an intention to yield the known right, is . . . enough to prove waiver."[56] It certainly takes a long time to be "enough," but every day a defendant has an absolute procedural right to dismissal yet does not exercise it is another small but cumulative indication of the defendant's intent to waive that right.

### 3. Seeking Affirmative Relief and Alternative Dispute Resolution

The right to dismissal under section 150.002 is clear and unequivocal. But dismissal for noncompliance with the certificate-of-merit requirement may be with or without prejudice,[57] a matter within the trial court's discretion.[58] Seeking and obtaining affirmative relief from the trial court, especially summary judgment, eschews the discretion-based remedy that arises from a procedural

---

[54] *Perry Homes*, 258 S.W.3d at 591 & n.57 (citing two federal circuit cases for the same proposition); *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex. 2006) (finding no waiver of a right to arbitration after the finding the party did not "conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial").

[55] *Jernigan v. Langley*, 111 S.W.3d 153, 157 (Tex. 2003); *Found. Assessment, Inc. v. O'Connor*, 426 S.W.3d 827, 833 (Tex. App.—Fort Worth 2014, pet. denied); *Murphy*, 374 S.W.3d at 635; *Ustanik v. Nortex Found. Designs, Inc.*, 320 S.W.3d 409, 414 (Tex. App.—Waco 2010, pet. denied); *Landreth*, 285 S.W.3d at 500-01.

[56] *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996); *see Jernigan*, 111 S.W.3d at 157 (paraphrasing *Tenneco*); *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999) (quoting *Tenneco*); *see also Crosstex*, 430 S.W.3d at 391 (parties may waive the section 150.002 expert-report requirement "by failing to object timely").

[57] TEX. CIV. PRAC. & REM. CODE § 150.002(e); *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 493-94 (Tex. 2017) (rejecting a party's argument that section 150.002(e) requires dismissal with prejudice).

[58] *Pedernal Energy*, 536 S.W.3d at 495-96 (failure to file the required affidavit with the original petition coupled with filing of an amended petition with a deficient affidavit "might support a trial court's determination that the claims lack merit[,] [b]ut that determination is within the trial court's discretion and is reviewed for abuse of discretion").

defect in favor of substantive relief on the merits.[59]  In short, electing to litigate the case to a merits-based disposition is conduct inconsistent with the right to dismissal of the case without litigation, without regard to the merits, and on terms that are within the trial court's discretion.[60]

In a similar vein, strategically waiting to seek dismissal until after limitations has expired—thus procuring a de facto dismissal with prejudice—is also conduct that may be considered in determining intent to waive the right to dismissal under section 150.002(e).  It is, in effect, a repudiation of the remedy on the terms the Legislature has provided.

Whether the defendant participated in mediation is also a factor, but it may be of limited value.[61]  Consistent with the state's strong public policy favoring the peaceable resolution of disputes, mediation is an effective tool for resolving claims outside of litigation.[62]  We encourage it.  At the same time, we recognize that attempting to terminate litigation in this manner is both consistent and inconsistent with the right to dismissal under section 150.002.  As the multiple failed settlement negotiations in this case prove, mediation is obviously a less certain dispute-resolution method than mandatory dismissal under section 150.002 and is definitely contrary to that relief.

---

[59] *Found. Assessment*, 426 S.W.3d at 832-33; *Murphy*, 374 S.W.3d at 634; *Ustanik*, 320 S.W.3d at 414.

[60] *See Jernigan*, 111 S.W.3d at 157 (a defendant's failure to object to an expert report's inadequacy "until after the case is disposed of on other grounds" is an "example" of implied waiver of the report requirement in a Medical Liability Act case); *compare Pedernal Energy*, 536 S.W.3d at 496 (even if a case appears to lack merit due to noncompliance with the certificate-of-merit requirement, the trial court has discretion to dismiss without prejudice), *with e.g.*, TEX. R. CIV. P. 166a(i) (a summary-judgment movant is entitled to judgment as a matter of law when no evidence supports the plaintiff's claims).

[61] *Found. Assessment*, 426 S.W.3d at 833; *Murphy*, 374 S.W.3d at 634.

[62] TEX. CIV. PRAC. & REM. CODE § 154.002.

But because dismissal may or may not be with prejudice to refiling the suit, if refiling would not be time barred, mediating would not be a particularly strong indicator of intent. Engaging in mediation certainly tends to suggest an intent to contest the merits of the case notwithstanding the plaintiff's failure to comply with a precondition to suit, but on its own does not clearly demonstrate an intent to forgo the right to dismissal. The fact that the parties have engaged in mediation is thus probative but not dispositive of intent.

### 4. Case-By-Case Analysis Required

Although we have recognized that a single factor might be sufficient to establish waiver in unusual cases, intent to waive will often require much more because "substantially invoking the judicial process" means the defendant has engaged in litigation conduct that is manifestly incompatible with the rights section 150.002 affords.[63]

*Crosstex* is typical of no-waiver cases. The defendant in *Crosstex* moved for dismissal only eight months into the suit, with six months to go before the close of discovery and more than seven months until the docket call.[64] Substantively, the defendant had only filed an answer, exchanged some discovery to "wrap [its] mind[] around the case," agreed to a continuance, and entered a Rule

---

[63] *Jernigan*, 111 S.W.3d at 157 (noting that, other than a single set of interrogatories and a request for production a few weeks into the suit, the defendant had moved for summary judgment eighteen months into the litigation on charitable-immunity grounds followed quickly by dismissal for a defective expert report under a prior version of the Medical Liability Act); *see Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 387 (Tex. 2014) (the defendant also joined a motion for a continuance and entered a limited Rule 11 agreement); *Cimarron Eng'g, LLC v. Miramar Petroleum, Inc.*, No. 13-14-00163-CV, 2014 WL 2937012, at *2 (Tex. App.—Corpus Christi June 26, 2014, no pet.) (mem. op.); *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 411 (Tex. App.—Dallas 2010, pet. denied) (the only evidence of waiver the plaintiff pleaded was that the defendant waited fifteen months to move for dismissal).

[64] *Crosstex*, 430 S.W.3d at 387.

19

11 agreement.[65]  Such little activity over a relatively short period of time that was so temporally and procedurally distant from any resolution on the merits did not establish the defendant's implied intent to waive or abandon the dismissal right.

In contrast, when the defendant throws itself into the vortex of the merits, either explicitly[66] or implicitly by its unmistakable conduct,[67] waiver is established.  In *Murphy v. Gutierrez*, the Fort Worth Court of Appeals considered some of the same factors we discuss here in concluding the facts established the defendant's intent to abandon its rights.[68]  The court held that the defendant had "substantially invoked the judicial process and that he waived his right to pursue dismissal."[69]  The court arrived at this conclusion only by "considering the totality of the circumstances"—the defendant's three-and-a-half-year delay in seeking dismissal, "extensive[]" participation in discovery, requests for affirmative relief, and participation in mediation—which demonstrated the defendant's "intention to litigate the case . . . and waive[] his right to pursue dismissal . . . ."[70]

Likewise, in *Perry Homes*, we examined several of the preceding factors in concluding the plaintiffs voluntarily relinquished their contractual arbitration rights.[71]  The plaintiffs had actively

---

[65] *Id.* at 394.

[66] *Frazier v. GNRC Realty, LLC*, 476 S.W.3d 70, 73-74 (Tex. App.—Corpus Christi 2014, pet. denied).

[67] *Murphy v. Gutierrez*, 374 S.W.3d 627, 633-36 (Tex. App.—Fort Worth 2012, pet. denied); *see Perry Homes v. Cull*, 258 S.W.3d 580, 590-93 (Tex. 2008) (finding waiver of a mandatory-arbitration provision).

[68] 374 S.W.3d at 633-36.

[69] *Id.* at 635.

[70] *Id.*

[71] 258 S.W.3d at 589-95.  The only factor not considered was participation in alternative dispute resolution.

opposed arbitration, conducted extensive discovery, and then moved "very late" (fourteen months had elapsed) in the process and on "the eve of trial" (one month from the trial date[72]) after "most of the discovery in the case had already been completed."[73] In particular, the plaintiffs had filed five motions to compel with 76 requests for production, designated at least six people for depositions with a request for 67 categories of documents, noticed depositions of three of the defendant's experts, and requested each expert produce 24 categories of documents.[74] Unsurprisingly, such extensive discovery carried out until such a late point in the litigation—without any indication the plaintiffs had intended to preserve the right to compel arbitration—implied an intent to relinquish that right. This was true even though there, like here, the parties were not operating under an express deadline for asserting their rights.

Just as in *Murphy* and *Perry Homes*, every fact in this case other than the motion for dismissal itself demonstrates an intent to litigate contrary to the Engineers' statutory dismissal right.

## D. The Engineers' Litigation Conduct

To say that the Engineers' motion to dismiss was filed late in the game is an understatement. The defect in the Gosnells' pleadings existed from day one. It was open and obvious. The right to dismissal was manifest, and the dispute was relatively uncomplicated. Yet, the Engineers actively brought discovery to a close, even after agreeing to an extension of the discovery and

---

[72] *Id.* at 596 (finding one month from trial to be the "eve of trial," which "is not limited to the evening before trial; it is a rule of proportion . . . ."); *see* 3 C.R. at 496, *Perry Homes*, 258 S.W.3d 580 (Tex. 2008) (No. 05-0882) (listing the date of filing the motion to compel arbitration as November 15, 2001); 18 C.R. at 3536-37, *Perry Homes*, 258 S.W.3d 580 (Tex. 2008) (No. 05-0882) (identifying the trial setting as December 10, 2001).

[73] *Perry Homes*, 258 S.W.3d at 596.

[74] *Id.* at 595-96.

expert-designation deadlines. They served interrogatories and requested disclosures and production, responded to requests for disclosures and production, designated two experts, filed two motions to designate third parties, amended their discovery responses, and filed an amended answer asserting affirmative defenses but not the right to dismissal. The Engineers' pretrial discovery activity reflects preparation of the case for disposition on the merits contrary to their statutory right to a certificate of merit before commencing litigation activity and the related right to dismissal for noncompliance with that requirement.

What's more, the Engineers advanced the litigation past the close of discovery to within one month of trial—a trial date that had already been extended to accommodate the Engineers' counsel. The defendant in *Perry Homes* waited until the same exact point: one month before trial. As we said there, "[t]he rule that one cannot wait until 'the eve of trial' to request arbitration is not limited to the evening before trial; it is a rule of proportion that is implicated here."[75] At the point the Engineers filed their dismissal motion, there was very little left of the judicial process to invoke except for an actual disposition on the merits. While the dissent summarily concludes this circumstance is relevant only to estoppel,[76] it most directly demonstrates the Engineers' intentional conduct inconsistent with claiming its rights under section 150.002.

Even without a deadline for asserting the right at issue, a significant delay can suffice to establish waiver.[77] The Engineers waited 1,219 days after the Gosnells filed the initial petition to

---

[75] *Id.* at 596.

[76] *Post* at 12 (BOYD, J., dissenting).

[77] *See supra* n.56 and accompanying text.

22

move for dismissal, every day of which the Gosnells' procedural mistake was apparent.[78] Even if the Engineers had been unaware of the lawsuit until the day they filed their original answer (and they were not), twenty months elapsed before they exclaimed, "King's X!" In finding waiver, only one appellate case has considered a longer time period, and that was only an additional month.[79] The time elapsed here thus easily falls on the "too long" end of the spectrum.

The Engineers also waited 492 days after the first unsuccessful mediation to seek dismissal—eighteen months after they knew enough of the merits to believe mediation could resolve the dispute. Neither the delay of 1,219 days from the petition nor 492 days from the first mediation can be reconciled with an intent to seek dismissal. Such lengthy time periods might not be ineluctably conclusive, but they are strong indicators of intent to waive.

This is especially so given that the parties had engaged in yet another mediation a mere two days before the Engineers finally invoked their statutory rights. Although the Engineers attempt to draw a distinction between court-ordered and voluntary mediation, we are not persuaded there is merit to that distinction here. The trial court had similarly set a trial date by court order, but that did not prevent the Engineers from filing a motion to dismiss and deferring the trial date. Had the Engineers intended to rely on their dismissal right, they could have done the same with respect to the mediation order. They chose not to do so. The Engineers' continual efforts to resolve the

---

[78] The date the Engineers were served does not appear to be in the record, but it appears they were served by consent and do not now contest they were served properly.

[79] *Murphy v. Gutierrez*, 374 S.W.3d 627, 628-29 (Tex. App.—Fort Worth 2012, pet. denied).

23

dispute in ways other than by dismissal under section 150.002 demonstrates an intent to abandon that right.

The Engineers did not file any summary-judgment motions, but their request for attorney's fees is an affirmative claim for relief.[80] Moreover, they twice filed motions to shift liability to responsible third parties. This litigation conduct is yet another unequivocal sign that the Engineers did not just intend to, but were in fact, litigating the merits of the claim.

Finally, regardless of whether prejudice is required—as both parties assume—prejudice exists. While the Engineers were sitting on their rights, limitations expired on the Gosnells' contract claims. For two years after filing suit and in the four months after the Engineers had filed their original answer, the Gosnells could have cured the pleading defect by refiling the lawsuit. Due to unexplainable, and unexplained, delay, they are now time-barred from doing so. Though defendants are not expected to bend over backwards to save the plaintiffs' claims, allowing limitations to expire before asserting a right that significantly pre-existed the time bar provides some indication they intended to waive the pleading defect and the remedy.

Even assuming none of the above factors is dispositive on its own—not the extent of discovery, not the proximity to trial, not the nearly unprecedented length of delay—all point in the same direction: the Engineers intended to litigate the case on the merits despite their right not to do so. Considering the totality of the circumstances, the Engineers impliedly waived the right to seek dismissal under section 150.002.

---

[80] *See Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008) (an independent claim for attorney's fees is an affirmative claim for relief that survives a nonsuit).

### III. Conclusion

Under Chapter 150, both a certificate of merit and the consequence for failing to file one are mandatory. But as our analysis in *Crosstex* tacitly recognizes, when defendants have so engaged the judicial process that a certificate of merit ceases to serve its intended function, the requirement of its filing is waived. And when the right to a threshold affirmation of merit has been waived, the consequence for failing to file one dissipates. In other words, because the Engineers' substantial invocation of the judicial process implied an intent to waive the certificate-of-merit requirement, the statutory basis for dismissal has likewise been waived. We therefore affirm the court of appeals' judgment finding waiver of the statutory right to dismissal and remand the case to the trial court.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** June 14, 2019

25