## DAVIS et al. v. CITY OF ABILENE.
### No. 2939.

Court of Civil Appeals of Texas.
Eastland.

June 27, 1952.

Rehearing Denied July 19, 1952.

Beverly Potthoff, Scarborough, Yates, Scarborough & Black, Abilene, for appellants.

Smith, Eplen & Bickley, Wilson Johnston, Abilene, for appellee.

COLLINGS, Justice.

This is a suit for mandatory injunction brought by appellee, City of Abilene, against appellants, Clyde Harwell Barber, Rita Barber Davis and husband, Hollis Davis, to compel appellants to move a certain building back from the street to comply with the zoning ordinance of the City, and to enjoin the use of the building 'for purposes contrary to such ordinance. At the close of evidence, the court withdrew the case from the jury and entered judgment granting a mandatory injunction directing appellants to move the building back 21 feet from the street property line and restraining them from using such building as a clothing factory. From such judgment appellants have appealed.

At all times relevant hereto, the City of Abilene had a zoning ordinance which provided the type and manner of building permissible in designated areas within the City and the use which could be made of such buildings. On April 5, 1947, appellants applied for a permit to move a cer-

tain building on a lot bordering on South 6th Street to be used as a dwelling. The lot was located in a portion of the City designated as a "B" zone and as a residential district. Section 3 of the ordinance provides that the building inspector shall not issue any building permit within any zoning district unless the application for the permit shows that such construction "and the use thereof conform to the zoning regulations of this ordinance and hereafter no building or land shall be used for any other use than one or more of the uses specified in the 'Use District' in which said building or land is situated," and that "said building shall conform to the regulations as to height, yard areas, lot areas and special area regulations applicable thereto as is shown in this ordinance." The ordinance further provides that in the "B-Dwelling Districts" there shall be a front yard having a depth of not less than 25 feet from the property line to the front line of the building, but that when 35% or more of the frontage on one side of the street is improved the proposed building may be set in line with existing buildings."

On April 5, 1947, the same day the application for permit was made, the requested permit was granted to appellants to move the building in and to place same on their lot 7 feet from their property line on South 6th Street. The fee for the permit was paid. Appellants then proceeded to build their concrete foundation and placed it within 5½ feet from their property line on South 6th Street. On July 9, 1947, when the work on the building was about 80% completed and some $4,000 had been expended, the City Engineer wrote a letter to appellant, Mrs. Davis, in which he advised her that the building was in violation of the City ordinance in that the front yard depth was less than the minimum required by the ordinance, and issued a "stop work" order to take effect immediately. Thereafter, on July 10, 1947, appellants appealed to the Board of Adjustment of the City of Abilene for reinstatement of the permit, which Board, after a hearing on July 17, 1947, agreed to grant permission for a garment factory to be operated on the premises, provided the

building was moved back to a distance of 21 feet from South 6th Street, corresponding with the fronts of the houses on either side thereof, and that said building would at all times have the appearance of a residence.

When the City adopted its zoning ordinance in 1946, there was a grocery store and Mrs. Davis' residence located on Butternut Street on the east half of the block involved. At that time Mrs. Davis was carrying on the business of making burial garments in her residence. The east half of the block, which faced on Butternut Street was, by the terms of the City ordinance, situated in zone "G" or "J", and the west half of the block which was then vacant and upon which appellants have moved the building in question, was placed in and has since remained in "B" zone, a dwelling district. The City Commissioners of Abilene, in 1949, considered changing the west half of appellant's block of land here involved from zone "B" to "J" and actually passed an ordinance making the change but after a hearing of all property owners concerned, voted that the ordinance "be not passed."

Mrs. Davis testified that she and her son, Clyde Harwell Barber, were associated in the business of making burial dresses; that when she went to the office of the City Engineer to obtain a permit to move the building in question from Camp Barkeley to place it on her lot on South 6th Street, she explained that it was desired to have an apartment in the front of the building and to use the back portion of the building for the manufacture of burial clothing; that the City Engineer advised her that dressmaking was permissible in that zone and that it was also permissible to face the building toward the alley instead of toward South 6th Street, and that by so doing, the side of the building could come within 5 feet of the property line; that when the City issued the stop order the buildings had been moved in, joined together and most of the floor laid, but that nothing has been done since. She further testified that about one-third of the front part of the building would be used as a dwelling and that it was intended to use about 40 feet of the

back part of the building to make burial dresses where about 11 employees would use sewing machines.

In the court's judgment, it was found that the issuance of the building permit by the assistant building inspector was in violation of the zoning ordinance of the City of Abilene "both with respect to the set-back of defendant's building adjacent to South 6th Street, and with respect to the use to which defendants expected to put said building, to-wit: the operation of a garment factory."

■ In appellants' first and third points, it is contended that the court erred in allowing the City's attack upon, and in not upholding appellants' right in the permit, because appellants' rights had become vested after the time for appeal from the action of the inspector in granting the permit had elapsed under the terms of Art. 1011g of Vernon's Annotated Civil Statutes. We cannot agree with this contention. The undisputed facts show a violation of the zoning ordinance both with respect to the intended use by appellants of their property and to the set-back provision. It is undisputed that appellant, Mrs. Davis, and her son were associated in the business of making burial garments and intended to use about 40 feet of the back part of their building for that purpose. Their property was located in territory designated by the ordinance as a "B-Dwelling District" where the operation of any kind of business was prohibited. It is undisputed that appellants' building was set back only about 5½ feet from South 6th Street which is in violation of the provision of the ordinance that in "B-Dwelling Districts" there shall be a front yard of not less than 25 feet, but that a proposed building might be set in line with existing buildings, which line the court found by taking the average of the set-back of such existing buildings to be 21 feet. The 5½ foot set-back was also in violation of the provisions of the permit issued to appellants which provided for a 7 foot set-back from their property line on South 6th Street. Art. 1011b expressly conferred upon the legislative body of the City the power to enact a zoning ordinance to regulate and restrict the erection, con-struction, alteration or use of buildings or land within a municipality. The City of Abilene enacted the zoning ordinance in question under the authority of such statute. The permit issued to appellants was void and without effect from the beginning because it was in violation of the City's zoning ordinance. The building inspector and the Board of Adjustment were without authority to issue a permit or to authorize the construction of a building in violation of such ordinance and to usurp the legislative power expressly conferred upon the legislative body of the City. City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229, 232. Since the action of the building inspector in granting the permit was void and unauthorized, no appeal therefrom was required and no rights became vested in appellants by reason of the lapse of the time provided for appeal by Art. 1011g.

■ Appellants particularly urge that the City Building Inspector, by issuing the permit, made an administrative determination that the area between the proposed building and the property line running along South 6th Street was a side yard within the meaning of the City ordinance, and, therefore, was required to be only 5 feet in width. It is urged that in making such determination, the building inspector made a practical construction of the City ordinance, that such construction is a reasonable one and since it was not appealed from, should be upheld.

Section 5, Sub-section "side yards" of the zoning ordinance of the City of Abilene provides:

"In Districts 'A', 'B', 'C', 'E', 'L' and in all other districts where a building is erected or structurally altered for dwelling purposes, there shall be two side yards, one on each side of the building, having a combined width of not less than 20% of the width of the lot, and provided that in no case shall either side yard be less than 5 feet, and provided further that the combined widths of the two side yards need not exceed 12 feet."

It is to be noted that in order to reach the result desired by appellant, it was necessary for the building inspector to determine that

it was permissible to face the building in question toward the alley and to thereby consider the space between the building and South 6th Street as a side yard instead of as a front yard. This construction, in our opinion, is not a reasonable one. The requirement of the ordinance for a 25 foot front yard cannot be avoided by such an unnatural construction of the side yard provision.

In their second point, appellants contend that the City of Abilene is estopped from cancelling the permit. It is urged that the building inspector was informed of the use to which appellants expected to put their building and with this knowledge granted the permit; that the issuance of the permit was not appealed from; that the officer issuing the permit was presumed to know the zoning ordinances of the City of Abilene; that appellants relied upon such presumption and upon the action of the City official in granting the permit and expended about 80% of the total cost of their building. Appellants particularly rely upon the case of Rosenthal v. City of Dallas, Tex. Civ.App., 211 S.W.2d 279 which held that a city is estopped to revoke a permit where its building department, through a mistake, issues a permit for a non-conforming building, no appeal is taken and that in reliance thereon, construction has proceeded materially. The Rosenthal case differs essentially from the instant case. In that case the permit was issued to Rosenthal for the operation of a cold storage plant, including meat curing, based upon a specific finding of fact by the building inspector of the City that such non-conforming use existed prior to the time of the enactment of the City's ordinance. The finding was supported by substantial evidence. No appeal was prosecuted by either city officials or interested individuals. The court held that the action of the building inspector became, in a sense, res adjudicata and that the city was estopped from revoking the permit. If the business of a cold storage plant, including the storage and curing of meat, was operated on the property prior to the enactment of the zoning ordinance, the rights of the owners of such property to operate that business or a similar business had become vested. When Rosenthal bought the property he acquired this vested right. The specific finding by the building inspector of the City of Dallas that these facts existed when such finding was supported by evidence required the holding made in the Rosenthal case. No such facts exist in the instant case. The facts in this case are that the building inspector granted appellants a permit to place their building upon their lot within 7 feet of their property line on South 6th Street, contrary to the provisions of the City ordinance, and that appellants actually placed such building only 5½ feet from the property line. The permit was, therefore, in direct violation of the set-back provisions of the City ordinance and the action of appellants in placing the building 5½ feet from their property line was in violation both of the permit granted and of the terms of the ordinance. The permit was absolutely void. No mistaken fact finding was made by the building inspector as a basis for the permit. The question of a reasonable construction of an ordinance is not presented by the facts. The building inspector simply granted a permit which the undisputed facts show was unauthorized and void under the city's zoning ordinance. Neither the building inspector nor the Board of Adjustment of the City of Abilene had any power to grant appellants permission to use their building on the lot in question as a garment factory. The ordinance did not permit such use in a "B Dwelling District." Appellants were charged with notice of the provisions of the City ordinance and were not entitled to rely upon the unauthorized action of the building inspector or of the Board of Adjustment taken in direct conflict with such ordinance. In doing so, they acted at their own peril and the city did not become bound or estopped thereby. City of Amarillo v. Stapf, supra; City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388; Edge v. City of Bellaire, Tex.Civ.App., 200 S.W. 2d 224 (Writ Ref.); City of San Antonio v. Humble Oil & Refining Co., Tex.Civ. App., 27 S.W.2d 868; Rolison v. Pucket, 145 Tex. 366, 198 S.W.2d 74; Phillips v. City of Albilene, Tex.Civ.App., 195 S.W.2d 147 (Writ Ref.).

In our opinion the writ of injunction was properly granted. No error is presented in appellants' points.

The judgment is affirmed